Michael A. Newdow (SBN: 220444)
NEWDOW LAW
P.O. Box 233345
Sacramento, CA  95823
Phone:  916-427-6669
newdowlaw@gmail.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.; PAUL STOREY; BILLY FERGUSON; KAREN BUCHANAN; JOSEPH MORROW; ANTHONY G. ARLEN; ELISABETH STEADMAN; CHARLES AND COLLETTE CRANNELL; MIKE OSBORNE; KRISTI CRAVEN; WILLIAM M. SHOCKLEY; PAUL ELLCESSOR; JOSEPH RITTELL; WENDY CORBY; PAT KELLEY; CAREY GOLDSTEIN; DEBORA SMITH; KATHY FIELDS; RICHARD MOORE; SUSAN ROBINSON; AND KEN NAHIGIAN,** | **CASE NO.:** |
| **Plaintiffs,** | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| **TIMOTHY GEITHNER**, in his official capacity as Secretary of the United States Department of the Treasury; **DOUGLAS SHULMAN**, in his official capacity as Commissioner of the Internal Revenue Service; and **SELVI STANISLAUS**, in her official capacity as Executive Officer of the California Franchise Tax Board, | |
| **Defendants**. | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiffs, as their Complaint against the Defendants, allege as follows:

## NATURE OF THE CLAIMS

1. The Plaintiffs seek a declaration under 28 U.S.C. § 2201 that 26 U.S.C. §§107 and 265(a)(6), both on their face and as administered by the Internal Revenue Service ("IRS") and the Department of the Treasury ("Treasury"), violate the Establishment Clause of the First Amendment to the Constitution of the United States by providing preferential tax benefits to ministers of the gospel. Plaintiffs request that the Court enjoin any allowance or grant of tax benefits for ministers of the gospel under §§107 and 265(a)(6).

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 with respect to the relief sought against all defendants. In addition, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1343(a)(3) and 1367 with respect to the relief sought against defendant Selvi Stanislaus. The Court also has the authority to issue a declaratory judgment under 28 U.S.C. § 2201. The Court further has the authority to award injunctive relief under 28 U.S.C. § 1343 and Fed. R. Civ. P. 65.

3. The challenged provisions of the Revenue Code were enacted pursuant to the power granted to Congress by Article I, Section 8 of the United States Constitution.

4. The plaintiffs are federal taxpayers who object to the allowance of preferential tax benefits under the Revenue Code, as enacted pursuant to Article I, Section 8 of the United States Constitution.

5. Venue is appropriate in the District Court for the Eastern District of California, pursuant to 28 U.S.C. §1391(e).

## PARTIES

6. The plaintiff, Freedom From Religion Foundation, Inc. ("FFRF"), is a non-profit membership organization that advocates for the separation of church and state and educates on matters of non-theism. FFRF has more than 13,900 members, in every state of the United States, including more than 2,200 members in the State of California.

7. FFRF represents and advocates on behalf of its members throughout the United States.

8. FFRF's membership includes individuals who are federal and California taxpayers residing in the Eastern District of California, and who are opposed to government endorsement of religion.

9. The plaintiff, Paul Storey, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

10. The plaintiff, Billy Ferguson, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

11. The plaintiff, Karen Buchanan, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; she is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

12. The plaintiff, Joseph Morrow, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

13. The plaintiff, Anthony G. Arlen, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

14. The plaintiff, Elisabeth Steadman, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; she is opposed to government endorsement of religion, including preferential

1  and exclusive tax benefits for religious organizations and ministers of the gospel.

2      15.    The plaintiffs, Charles and Collette Crannell, are adult individuals who are
3  members of FFRF and federal and California taxpayers who reside in the Eastern District
4  of California; they are opposed to government endorsement of religion, including
5  preferential and exclusive tax benefits for religious organizations and ministers of the
6  gospel.

7      16.    The plaintiff, Mike Osborne, is an adult individual who is a member of
8  FFRF and a federal and California taxpayer who resides in the Eastern District of
9  California; he is opposed to government endorsement of religion, including preferential
10 and exclusive tax benefits for religious organizations and ministers of the gospel.

11     17.    The plaintiff, Kristi Craven, is an adult individual who is a member of FFRF
12 and a federal and California taxpayer who resides in the Eastern District of California;
13 she is opposed to government endorsement of religion, including preferential and
14 exclusive tax benefits for religious organizations and ministers of the gospel.

15     18.    The plaintiff, William M. Shockley, is an adult individual who is a member
16 of FFRF and a federal and California taxpayer who resides in the Eastern District of
17 California; he is opposed to government endorsement of religion, including preferential
18 and exclusive tax benefits for religious organizations and ministers of the gospel.

19     19.    The plaintiff, Paul Ellcessor, is an adult individual who is a member of
20 FFRF and a federal and California taxpayer who resides in the Eastern District of
21 California; he is opposed to government endorsement of religion, including preferential
22 and exclusive tax benefits for religious organizations and ministers of the gospel.

23     20.    The plaintiff, Joseph Rittell, is an adult individual who is a member of FFRF
24 and a federal and California taxpayer who resides in the Eastern District of California;
25 he is opposed to government endorsement of religion, including preferential and
26 exclusive tax benefits for religious organizations and ministers of the gospel.

27     21.    The plaintiff, Wendy Corby, is an adult individual who is a member of
28 FFRF and a federal and California taxpayer who resides in the Eastern District of

California; she is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

22. The plaintiff, Pat Kelley, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; she is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

23. The plaintiff, Carey Goldstein, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

24. The plaintiff, Debora Smith, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; she is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

25. The plaintiff, Kathy Fields, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; she is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

26. The plaintiff, Richard Moore, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

27. The plaintiff, Susan Robinson, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; she is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

28. The plaintiff, Ken Nahigian, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of

1 California; he is opposed to government endorsement of religion, including preferential
2 and exclusive tax benefits for religious organizations and ministers of the gospel.

3     29. The defendant Timothy Geithner ("Geithner") is the Secretary of the United
4 States Department of the Treasury, with a principal address of 1500 Pennsylvania
5 Avenue N.W., Washington, D.C. 20220. The defendant Geithner is sued in his official
6 capacity.

7     30. The defendant Douglas Shulman ("Shulman") is the Commissioner of the
8 Internal Revenue Service, with a principal address of 1111 Constitution Avenue N.W.,
9 Washington, D.C. 20224. The defendant Shulman is sued in his official capacity.

10     31. The defendant Selvi Stanislaus ("Stanislaus") is the Executive Officer of the
11 California Franchise Tax Board, with a principal address of P.O. Box 1468, Sacramento,
12 CA 98512-1468. She is sued in her official capacity.

**THE ESTABLISHMENT CLAUSE IS VIOLATED BY
EXCLUSIVE AND PREFERENTIAL TAX BENEFITS**

15     32. The Establishment Clause of the First Amendment to the United States
16 Constitution provides that "Congress shall make no law respecting an establishment of
17 religion." Article 1, Sec. 4 of the California Constitution contains a similarly worded
18 Establishment Clause, and Article 16, Sec. 5 of the California Constitution prohibits aid
19 in support of "any religious sect, church, creed or sectarian purpose."

20     33. Sections 107 and 265(a)(6) of the Revenue Code, both on their face and as
21 administered by the defendants Geithner and Shulman, violate the Establishment Clause
22 of the First Amendment, in part, because they provide tax benefits only to "ministers of
23 the gospel," rather than to a broad class of taxpayers.

24     34. Sections 107 and 265(a)(6) subsidize, promote, endorse, favor, and advance
25 churches, religious organizations, and "ministers of the gospel," and they discriminate
26 against secular organizations, including nonprofit organizations such as FFRF that
27 promote atheism, humanism, secularism, and other non-religious worldviews, as well as
28 their employees and members.

35. In order to administer and apply §§ 107 and 265(a)(6), moreover, the IRS and the Treasury must make sensitive, fact-intensive, intrusive, and subjective determinations dependent on religious criteria and inquiries, such as whether certain activities constitute "religious worship" or "sacerdotal functions;" whether a member of the clergy is "duly ordained, commissioned, or licensed," or whether a Christian college or other organization is "under the authority of" a church or denomination. These and other determinations result in "excessive entanglement" between church and state contrary to the Establishment Clause.

36. Sections 107 and 265(a)(6) are not permissible "accommodations" of religion under the Establishment Clause, in part, because the income taxation of ministers of the gospel under the general rules that apply to other individuals would not interfere with the religious mission of churches or other organizations or the ministers themselves.

37. Sections 17131.6 and 17280(d)(2) of the California Revenue and Taxation Code, both on their face and as administered by the California Franchise Tax Board, under the direction of the defendant Selvi Stanislaus, also violate the Establishment Clause of the First Amendment to the United States Constitution and the Establishment Clause of Article 1, Sec. 4, of the California Constitution, as well as Article 16, Sec. 5 of the California Constitution.

38. Sections 17131.6 and 17280(d)(2) of the California Revenue and Taxation Code correspond to §§107 and 265(a)(6) of the Internal Revenue Code, and they have the same constitutional defects and infirmities under the Establishment Clauses of the California and United States Constitutions.

39. The defendant Stanislaus, in her official capacity as the Executive Officer of the California Franchise Tax Board, is responsible for administering and implementing §§ 17131.6 and 17280(d)(2).

40. The defendant Stanislaus has acted under color of state law in allowing tax benefits that violate the Establishment Clauses of the United States and California Constitutions.

**APPLICABLE PROVISIONS OF THE INTERNAL REVENUE CODE AND TREASURY REGULATIONS**

41. Section 107 of the Internal Revenue Code (26 U.S.C. § 107) provides as follows:

> In the case of a minister of the gospel, gross income does not include -
>
> (1) the rental value of a home furnished to him as part of his compensation; or
>
> (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home and to the extent such allowance does not exceed the fair rental value of the home, including furnishings and appurtenances such as a garage, plus the cost of utilities.

42. Section 1.107-1(a) of the Income Tax Regulations ("regulations") provides as follows:

> In order to qualify for the exclusion, the home or rental allowance must be provided as remuneration for services which are "ordinarily the duties of a minister of the gospel." In general, the rules provided in §1.1402(c)-5 will be applicable to such determination. Examples of specific services the performance of which will be considered duties of a minister for purposes of §107 include the performance of sacerdotal functions, the conduct of religious worship, the administration and maintenance of religious organizations and their integral agencies, and the performance of teaching and administrative functions at theological seminaries.

43. Although neither §107 of the Code, nor §1.107-1 of the Treasury regulations, limits the tax benefits of §107 to ministers who are "duly ordained, commissioned, or

licensed," the IRS apparently requires that a minister of the gospel be "duly ordained, commissioned, or licensed" in order for the minister to be entitled to tax benefits.

44. The Treasury regulations do not clarify the meaning of "duly ordained, commissioned, or licensed," and difficult determinations often must be made as to whether this requirement is satisfied.

45. The §107 exclusion is available, according to the IRS, only when the minister is given use of a home or receives a housing allowance as compensation for service performed "in the exercise of" his or her ministry, a requirement borrowed from 26 U.S.C. §1402(c)(4).

46. The Treasury regulations under §1402(c)(4) contain detailed rules for determining the circumstances under which services performed by a minister are "in the exercise of" his or her ministry.

47. Section 1.1402(c)-5(b)(2) of the Treasury regulations provides that service performed by a minister in the exercise of his ministry includes: 1) the ministration of sacerdotal functions; 2) the conduct of religious worship; and 3) the control, conduct and maintenance of religious organizations (including the religious boards, societies, and other integral agencies of such organizations) under the authority of a religious body constituting a church or church denomination.

48. Section 1.1402(c)-5(b)(2)(ii) of the Treasury regulations further provides that service performed by a minister in the control, conduct and maintenance of a religious

organization relates to directing, managing, or promoting the activities of such organization. This section also provides that any religious organization is deemed to be under the authority of a religious body constituting a church or church denomination if it is organized and dedicated to carrying out the tenets and principles of a faith in accordance with either the requirements or sanctions governing the creation of institutions of the faith. The term "religious organization" has the same meaning and application as is given to the term for income tax purposes.

49. Section 1.1402(c)-5(b)(2)(iv) of the Treasury regulations also provides in relevant part that if a minister is performing service for an organization which is operated as an integral agency of a religious organization under the authority of a religious body constituting a church or church denomination, all service performed by the minister in the control, conduct, and maintenance of such organization is in the exercise of his ministry, including purely secular duties.

50. Section 265(a)(6) of the Internal Revenue Code further allows a minister of the gospel to claim deductions under §§163 and 164 of the Revenue Code for residential mortgage interest and property taxes, even though the money used to pay such amounts was received from a church or other employer in the form of a tax-exempt §107 allowance. Such "double-dipping" is disallowed for non-clergy taxpayers.

**THE FEDERAL AND STATE TAX BENEFITS
VIOLATE THE ESTABLISHMENT CLAUSE**

51. Sections 107 and 265(a)(6) of the Revenue Code provide economic benefits for "ministers of the gospel" that are not provided to other taxpayers, including federal taxpayers who are plaintiff members of FFRF in the Eastern District of California.

52. Sections 107 and 265(a)(6), both on their face and as administered by the defendants Geithner and Shulman, violate the Establishment Clause of the First Amendment, and the defendants should be enjoined from any further allowance of such tax benefits to ministers of the gospel.

53. The defendant Stanislaus similarly should be enjoined from allowing or granting tax benefits under §§17131.6 and 17280(d)(2) of the California Revenue and Taxation Code that are available only to ministers of the gospel.

54. The actions of all the defendants have the effect each year of excluding hundreds of millions of dollars from taxation, and this exclusion is available only to ministers of the gospel.

55. The tax preferences granted to ministers of the gospel under the Internal Revenue Code and the California Revenue and Taxation Code also enable churches and other religious organizations to reduce their salaries and compensation costs.

56. The employees of secular organizations such as FFRF are not allowed these tax preferences, and FFRF and other secular organizations incur comparatively greater compensation costs than they would if their employees could be considered "ministers of the gospel."

57. The tax preferences afforded ministers of the gospel constitute a subsidy that results in tangible and direct economic injury to FFRF, and to its members and employees, who cannot claim these benefits.

58. FFRF, a non-profit organization, competes with churches and religious organizations, but the competition is unfair. The tax subsidies available to churches, religious organizations, and ministers of the gospel are not available to FFRF and its employees. FFRF is thereby placed at a competitive disadvantage relative to churches and other organizations whose employees receive tax subsidies.

WHEREFORE, the Plaintiffs demand relief as follows:

A. A declaration is sought that the actions of all defendants violate the Establishment Clause of the First Amendment to the United States Constitution and that the actions of defendant Stanislaus also violate the Establishment Clause of the California Constitution and the no aid provision of the California Constitution;

B. A declaration is sought that §§107 and 265(a)(6) of the Internal Revenue Code violate the Establishment Clause of the First Amendment to the United States Constitution;

C. A declaration is sought that the provisions of the California Revenue and Taxation Code that correspond to §§107 and 265(a)(6) of the Internal Revenue Code violate the Establishment Clause of the First Amendment to the United States

Constitution, the Establishment Clause of the California Constitution, and the no aid provision of the California Constitution.

    D.    An order is sought enjoining the defendants from continuing to grant or allow tax benefits under §§107 and 265(a)(6) of the Internal Revenue Code and the corresponding sections of the California Revenue and Taxation Code;

    E.    A declaration is sought that the defendant Stanislaus in administering and enforcing the provisions of the California Revenue and Taxation Code that correspond to §§107 and 265(a)(6) of the Internal Revenue Code acted under color of law and the plaintiffs are entitled to relief and remedies under 42 U.S.C. §1983;

    F.    An order is sought awarding the Plaintiffs their reasonable costs, disbursements and attorneys fees, as allowed by law, including pursuant to 42 U.S.C. §1988 and 28 U.S.C. §2412; and

    G.    Such further relief is sought that the Court deems just and equitable.

Dated this 14th day of October, 2009.

                      /s/ Michael A. Newdow
                      Michael A. Newdow (SBN 220444)
                      Attorney at Law
                      NEWDOW LAW
                      P.O. Box 233345
                      Sacramento, CA   95823
                      Phone: 916-427-6669
                      newdowlaw@gmail.com

                      Attorney for Plaintiffs