Kevin T. Snider, State Bar No. 170988
    *Counsel of Record*
Matthew B. McReynolds, 234797
PACIFIC JUSTICE INSTITUTE
Post Office Box 276600
Sacramento, CA 95827
Tel.  (916) 857-6900
Fax: (916) 857-6902
Email: kevinsnider@pacificjustice.org
      mattmcreynolds@pacificjustice.org

*Attorneys for Intervenors/Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.; PAUL STOREY; BILLY FERGUSON; KAREN BUCHANAN; JOSEPH MORROW; ANTHONY G. ARLEN; ELISABETH STEADMAN; CHARLES AND COLLETTE CRANNELL; MIKE OSBORNE; KRISTI CRAVEN; WILLIAM M. SHOCKLEY; PAUL ELLCESSOR; JOSEPH RITTELL; WENDY CORBY; PAT KELLEY; CAREY GOLDSTEIN; DEBORA SMITH; KATHY FIELDS; RICHARD MOORE; SUSAN ROBINSON; AND KEN NAHIGIAN,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**TIMOTHY GEITHNER, in his official capacity as Secretary of the United States Department of the Treasury; DOUGLAS SHULMAN, in his official capacity as Commissioner of the Internal Revenue Service; and SELVI STANISLAUS, in her official capacity as Executive Officer of the** | Case No. 2:09-CV-02894-WBS-DAD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE BY PASTOR MICHAEL RODGERS, ET AL.**<br><br>HEARING:  Nov. 23, 2009<br>TIME:        2:00 p.m.<br>COURTROOM: 5<br>TRIAL DATE:  TBD |

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-1-

| | |
|---|---|
| **California Franchise Tax Board,** | ) |
|     **Defendants,** | ) |
|     **AND** | ) |
| **PASTOR MICHAEL RODGERS; DOES 1-100, Proposed Intervenors-Defendants.** | ) |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.   Pastor Rodgers and Does 1-100 Are Entitled to Intervention as of Right. . . . . . . . . . . . . 4

        A. The Motion to Intervene is Timely. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B. Proposed Intervenors Have Significantly Protectable Interests Relating to the Subject of This Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        C. Proposed Intervenors Are So Situated that the Disposition of the Action May, as a Practical Matter, Impair or Impede Their Ability to Protect Their Interests. . . . . . . . . . 9

        D. Proposed Intervenors' Interests are Inadequately Represented by the Parties Before the Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    II.  Pastor Rodgers and Does 1-100 Should, in the Alternative, be Granted Permissive Intervention Under Rule 24(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-2-

# TABLE OF AUTHORITIES

**Cases**

*Calif. Dept. of Social Svcs. v. Thompson*, 321 F.3d 835 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . 11

*California ex rel. Lockyer v. U.S.*, 450 F.3d 436 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Idaho Farm Bureau Feder'n v. Babbitt*, 58 F.3d 1392 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 5, 7

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . 10

*League of United Latin American Citizens ("LULAC") v. Wilson,* 131 F.3d 1297
    (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6, 8-9

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . 9-10

*Natural Res. Def. Council v. U. S. Regulatory Comm'n*, 578 F.2d 1341 (10th Cir. 1978) . . . . . 9-10

*Pacific Gas and Elec. Co. v. Lynch*, 216 F.Supp.2d 1016 (N.D. Cal. 2002) . . . . . . . . . . . . . 10-12

*Purnell v. City of Akron*, 925 F.2d 941 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12-13

*Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . 7-9

*Sanguine, Ltd. v. U.S. Dept. of Interior*, 736 F.2d 1416 (10th Cir. 1984). . . . . . . . . . . . . . . . . . 10

*Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Trbovich v. United Mine Workers*, 404 U.S. 528 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Oregon*, 913 F.2d 576 (9th Cir. 1990), *cert. denied sub nom.*,
    *Makah Indian Tribe v. United States*, 501 U.S. 1250 (1991) . . . . . . . . . . . . . . . . . . . . . . 5

*Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001). . . . . . . . . . . . . . . . . . . . 8-10

*Washington State Bldg. and Constr. Trades Council v. Spellman*, 684 F.2d 627 (9th Cir. 1982),
    *cert. denied sub nom.*, *Don't Waste Washington Legal Defense Foundation v. Washington*,
    461 U.S. 913 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wetlands Action Network v. U.S. Army Corps of Eng.*, 222 F.3d 1105 (9th Cir. 2000) . . . . . 12-13

**Statutes**

Fed. R. Civ. P. 24. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-3-

## INTRODUCTION

Applicant for Intervention, Pastor Michael Rodgers, (sometimes hereinafter "Pastor Rodgers," "the pastor," or "Applicant"), is a minister of the gospel in the Sacramento area who utilizes the ministerial tax exemption housing allowance being challenged by Plaintiffs, Freedom from Religion Foundation, et al. See accompanying Declaration of Pastor Michael Rodgers ("Rodgers Decl."), at ¶¶ 6-8. Applicants Does 1-100 are ministers within the jurisdiction of the Eastern District who will be similarly affected by Plaintiffs' action.

Applicants seek to intervene in this litigation because Plaintiff claims that 26 U.S.C. §§107 and 265(a)(6) administered by the Internal Revenue Service ("IRS") and the Department of the Treasury ("Treasury") and the corresponding California Revenue and Taxation Code §§ 17131.6 and 17280(d)(2) (collectively, "Statutes") administered by the California Franchise Tax Board ("Tax Board") violate the religion clauses of the federal and state constitutions. This litigation would have a direct, negative, fiscal impact on Pastor Rodgers and Does 1-100.

The Applicants are entitled to intervention both as of right and permissively under FRCP 24. In the alternative, should the court deny these requests for any reason, Pastor Rodgers and Does 1-100 request that they be granted amicus status in the pending litigation.

## ARGUMENT

I. **Pastor Rodgers and Does 1-100 Are Entitled to Intervention as of Right.**

Applications for intervention as of right in federal court actions are governed by Federal Rule of Civil Procedure 24(a), which provides in relevant part that:

> [u]pon timely application anyone shall be permitted to intervene in an action...when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-4-

practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties.

The Ninth Circuit has subdivided Rule 24(a)(2) into four basic elements:

> (1) [T]he application must be timely; (2) the applicant must have a 'significantly protectable interest' relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impeded the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court.

*League of United Latin American Citizens ("LULAC") v. Wilson,* 131 F.3d 1297 (9th Cir. 1997).

It is well-established that Rule 24 "is construed broadly in favor of the applicants." *Idaho Farm Bureau Feder'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (citing *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990), *cert. denied sub nom.*, *Makah Indian Tribe v. United States*, 501 U.S. 1250 (1991)). Applicants, as will be discussed *infra,* meet each of the Ninth Circuit's four elements for obtaining intervention as of right. In short, the Motion is first of all timely, having been filed within days of the initiation of the lawsuit. Second, Applicants have significantly protectable interests in the subject of the litigation, namely the ability to claim the tax benefits bestowed by the Statutes. Third, Pastor Rodgers has devoted substantial time, energy, and resources into ministering to and serving the community and the availability of his resources may be greatly affected by the ruling of the Court on this matter. Fourth, and finally, Applicants' interests are inadequately represented before the Court in that defendants, the Treasury, IRS, and Franchise Tax Board, are large, cumbersome bureaucracies with complex economic and political interests that clash with the interests of Pastor Rodgers and Does 1-100, ministers dedicated to serving their local communities.

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-5-

A.   **The Motion to Intervene is Timely.**

"Timeliness is 'the threshold inquiry' for intervention as of right." *LULAC*, 131 F.3d at 1302. It is also easily met in the present case. The timeliness inquiry focuses on whether intervention is too late as determined by the stage of the proceeding, prejudice to the parties, and reasons for the length of the delay. *Id.* The *LULAC* court, for instance, denied intervention due to untimeliness of applicants who sought it more than two years after the lawsuits were filed. At the same time, the court indicated that other parties had been granted intervention nine months after the original lawsuits commenced. By stark contrast, the present Motion is being filed within days of the announcement that a lawsuit had been filed by Plaintiffs. Thus, it should not be seriously disputed that the motion is timely. *See, e.g., Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993) (timeliness not at issue when motion to intervene was filed at outset of litigation, before answer to complaint was even filed).

B.   **Proposed Intervenors Have Significantly Protectable Interests Relating to the Subject of This Litigation.**

An applicant has a "significant protectable interest" when "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). In *Lockyer,* the plaintiffs challenged the constitutionality of the Weldon Amendment which prevented federal, state, and local governments from receiving federal funding if they discriminated against health care providers that refused to provide, pay for, provide coverage of, or refer for abortions. *Id*. at 439. Health care providers moved to intervene in the action and after denial by the District Court the Ninth Circuit reversed. The Ninth Circuit held that if the Weldon Amendment was found to be

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-6-

unconstitutional, health care providers would "be forced to choose between adhering to their beliefs and losing their professional licenses." *Id*. at 441. The Ninth Circuit found that the Weldon Amendment was passed "precisely to keep doctors who have moral qualms about performing abortions from being put to the hard choice of acting in conformity with their beliefs, or risking imprisonment or loss of professional livelihood." *Id*. at 441.

Analogous protectable interests are at stake in the present action. As the Weldon Amendment was enacted to directly apply to health care providers, the Statutes challenged by Plaintiffs operate for the benefit of clergy and ministers. If this Court were to find those statutes unconstitutional, such a ruling would directly affect the availability of resources to all clergy within the Court's jurisdiction. Thus, Pastor Rodgers can show a significant protectable interest in that (1) his interest in retaining tax benefits are protected by statute and (2) the relationship between his interest and the Plaintiff's claim is the exact same interest created from the Statutes which Plaintiffs wish to be struck down as unconstitutional.

The federal courts have found that a broad variety of interests satisfy the "significantly protectable interests" inquiry. For example, in *Idaho Farm Bureau Federation*, environmental groups were granted intervention in a lawsuit which clarified the Endangered Species Act as it related to procedures for listing species (there, the Bureau Hot Springs Snail) as endangered. The *Idaho Farm Bureau Federation* court reviewed previous Ninth Circuit decisions such as *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525 (9th Cir. 1983) and *Washington State Bldg. and Constr. Trades Council v. Spellman*, 684 F.2d 627 (9th Cir. 1982), cert. denied, *Don't Waste Washington Legal Defense Foundation v. Washington*, 461 U.S. 913 (1983), finding broad interpretation of what constitutes a "significantly protectable interest." In view of the environmental groups' active efforts to protect the snail at issue, the Ninth Circuit ruled,

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-7-

> [W]e conclude that disposition in the present action would impair ICL/CIHD's ability to protect their interest in the Springs Snail and its habitat. The action could, and did, lead to a decision to remove the Springs Snail from the list of endangered species. *Cf. Sagebrush Rebellion*, 713 F.2d at 528 (granting intervention and stating that a decision to set aside agency action creating conservation area for birds of prey would impair Audobon Society's interest in preservation of birds and their habitat).

58 F.3d at 1398.

Other circuit courts have joined the Ninth Circuit in favoring intervenors. For instance, in *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001), the Tenth Circuit reviewed decisions from several circuits (including the Ninth Circuit's *Sagebrush Rebellion* decision) involving environmental activists and concluded, "[W]e find persuasive those opinions holding that organizations whose purpose is the protection and conservation of wildlife and its habitat have a protectable interest in litigation that threatens those goals." *Id.* at 1252. And, while wildlife and conservation groups have been among the most prodigious intervenors in federal courts over the last two decades, producing a flood of court opinions on the subject, Rule 24 by no means limits protectable interests to them.

Ministers with a direct financial stake in the instant litigation (see Rodgers Decl. ¶¶ 6-8, 13-14) should be given at least as much opportunity to be participate in a party capacity as environmentalists in regulatory cases. The state and federal agency defendants are constitutionally neutral entities relative to religious issues. The motion to intervene should be granted so that clergy will have a voice in the Court on an issue that uniquely and directly affects them. Applicants therefore fall well within the bounds of the "significantly protectable interest" as articulated in *LULAC*.

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-8-

### C. Proposed Intervenors are So Situated that the Disposition of the Action May, as a Practical Matter, Impair or Impede Their Ability to Protect Their Interests.

Pastor Rodgers and the Doe applicants lack other effective means by which to protect their interests and for that reason should be allowed to intervene as of right. If an intervenor lacks other means by which to protect its interest, that intervenor's interest would be impaired. *Lockyer*, 450 F.3d at 442. In *Lockyer* the Court found that the health care providers, if they were not allowed to intervene, lacked any alternative forum in which they could "mount a robust defense of the Weldon Amendment." *Id*. Similarly, if the proposed clergy intervenors here are not allowed to intervene, they lack any alternative forum in which they can properly defend the constitutionality of the Statutes Plaintiffs are challenging. As a practical matter, separate litigation by the ministers would waste judicial resources, and they would likely be deemed to lack a case or controversy unless and until Plaintiffs succeed—by which time res judicata would foreclose further attempts to defend the Statutes. It is therefore imperative that the ministers be allowed to fully participate as parties in the case at bar.

The federal courts have been careful to note that, under the third element articulated by *LULAC*, prospective intervenors need not show that an unfavorable disposition in the case would necessarily impair their right, only that it "'*may* ... impair or impede [their] ability to protect [their] interest.'" *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991) (quoting FRCP 24(a)(2) and adding emphasis), that is, that impairment is "possible." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). See also *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). Other federal courts have considered this requirement indistinct from the previous one, declaring that "'the question of impairment is not separate from the question of the existence of an interest.'" *Utah Ass'n of Counties*, 255 F.3d at 1253 (quoting *Natural Res. Def. Council v. United States Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978).

---

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

As a practical matter, the disposition of this action in favor of the Plaintiffs would directly impede the ministers' interests and resources to minister to and serve the community. Pastor Rodgers and the Doe applicants therefore meet the third element for obtaining intervention as of right.

### D. Proposed Intervenors' Interests Are Inadequately Represented by the Parties Before the Court.

With respect to the final requirement under Rule 24, inadequate representation, the federal courts have noted, "The burden of making this showing is minimal." *Pacific Gas and Elec. Co. v. Lynch*, 216 F.Supp.2d 1016, 1025 (N.D. Cal. 2002). *See also, e.g., Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255 (10th Cir. 2001) ("'burden is the "minimal" one of showing that representation "may" be inadequate'") (quoting *Sanguine, Ltd. v. United States Dept. of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) and *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Moreover, "[t]he possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden." *Id.* (quoting *Natural Res. Def. Council v. United States Nuclear Reg. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978). *Accord, Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997). This rule has been interpreted to mean simply that an existing party may fail to make all the prospective intervenor's arguments. *Id.* at 1247. The importance of this approach becomes evident in view of the fact that governmental agencies may choose not to appeal adverse decisions, in view of the complex and competing political interests which they must balance. Such decisions would have a seriously detrimental effect on clergy if they were denied intervention in the litigation. *See, e.g. Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1104 (9th Cir. 2002) (intervenors, environmental

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-10-

groups, appealed decision invalidating U.S. Forest Service's "Roadless Rule" restricting potential environmental impact after federal government chose not to appeal); *Calif. Dept. of Social Svcs. v. Thompson*, 321 F.3d 835 (9th Cir. 2003) (allowing intervenor to appeal decision even though state chose not to do so).

Pastor Rodgers is a minister currently serving as the Pastor of Faith Baptist Tabernacle in North Highlands, California. Rodgers Decl. ¶ 3. As such, Pastor Rodgers has an interest of ministering and serving the local community of North Highlands by using his time, energy, and resources, all of which would be adversely affected if the court found for Plaintiffs. By contrast, the government defendants named in the instant litigation have myriad complex and competing interests which could easily clash with the ministers' interests. For all of their beneficial and perhaps even noble attributes, the Treasury, and for that matter, the Tax Board, are at bottom politically-motivated bodies. As such, they can be expected to support enacted statutes in such manner and to the extent that it is politically expedient to do so—and no more. Moreover, the Treasury, IRS, and Franchise Tax Board face a conflict of interest, in that if the statutes are struck down as unconstitutional there would be an increase in tax revenue from clergy who were previously given the housing allowance. It is therefore necessary that clergy, who use their time, energy, and resources in the furtherance of the ministry, be granted intervention to defend and, if necessary, appeal on behalf of the Statutes enacted which grant tax benefits to clergy. *See, e.g., State of California Dept. of Social Svcs. v. Thompson*, 321 F.3d 835 (9th Cir. 2003) (allowing intervenor to appeal decision even though state chose not to do so).

The potentially divergent interests of Applicants and the present Defendants thus presented are more than sufficient to meet the "minimal" burden of showing inadequate representation.

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-11-

*Pacific Gas and Elec. Co.,* 216 F.Supp.2d at 1025. Applicants therefore meet the fourth and final requirement for intervention as of right.

## II. Applicants Should, in the Alternative, be Granted Permissive Intervention Under Rule 24(b).

The considerations outlined above which soundly support Applicants' Motion to Intervene as of right also suffice, *a fortiori*, to grant Applicants permissive intervention under Rule 24(b). Rule 24(b) states in relevant part:

> Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Rule 24(b) grants a district court the discretion to allow intervention if the application is timely, *see Purnell*, 925 F.2d at 950, and if the "applicant's claim or defense and the main action have a question of law or fact in common." Fed R. Civ. P. 24(b)(2). In exercising its discretion, the district court should also consider whether "intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Purnell*, 925 F.2d at 951. Unlike intervention under Rule 24(a), the court need not determine the significance of the interests of the proposed intervenors, nor the adequacy of representation. Overall, the courts have deftly avoided rigidity in granting or denying intervention, opting instead to craft creative, case-specific solutions which will ensure the most complete representation of all parties and disposition of the issues.

Courts have, for example, granted intervention as of right and, in the alternative, permissive intervention. *See, e.g., Pacific Gas & Electric v. Lynch*, 216 F.Supp. 2d 1016, 1025 (N.D. Cal. 2002). Even in cases where the court has determined that federal law precludes intervention as of right, intervention has been allowed on a more limited basis. For instance, in *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105 (9th Cir. 2000) the

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-12-

court held that the unique structure of the National Environmental Policy Act (NEPA) prevented environmental groups from intervening as of right, because only the government could enforce or be liable as a defendant under NEPA. Nevertheless, the Ninth Circuit still allowed the environmental groups to intervene in the remedial phase of the litigation. *Id.* at 1114. *See also, Purnell v. City of Akron*, 925 F.2d 941 (6th Cir. 1991) (even where intervention as of right was not warranted, permissive intervention should have been granted). Applicants as members of the clergy presents an even stronger interest in this litigation because the challenged statutes directly apply to them and affect their financial and ministry interests.

The proposed intervenors-defendants seek to interpose defenses that share common factual and legal questions with those raised in the main action. Applicants seek to protect not merely a generalized, ethereal interest in preserving statutes granting tax benefits to clergy; rather, they seek to protect their financial interests, as well as the time, energy, and resources made available to them in order to serve the community. Further, as explained above, there is no tenable basis upon which either party could claim that proposed intervenors' participation will cause prejudice or delay: Applicants have sought intervention promptly after the filing of Plaintiffs' Complaint, and well before any significant progression of this suit. Thus, even if this Court should determine that not all of the requirements of Rule 24(a) have been met, it should permit the requested intervention under Rule 24(b).

## CONCLUSION

For the foregoing reasons, Pastor Michael Rodgers and Does 1-100 are entitled to participate in this action as Intervenors-Defendants either as a matter of right or with the Court's permission. Fed. R. Civ. P. 24(a)-(b). In the alternative, Applicants request that, at the very least, the Court allow them to participate in the litigation as amicus.

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-13-

1  Date:   October 22, 2009.

PACIFIC JUSTICE INSTITUTE

By: _/s/_ Matthew B. McReynolds_____
    Kevin T. Snider
    Matthew B. McReynolds

*Attorneys for Pastor Michael Rodgers and Does 1-100, Proposed Defendants-Intervenors*

Memorandum of Points and Authorities in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-14-