1  LAWRENCE G. BROWN
   Acting United States Attorney
2  501 I Street, Suite 10-100
   Sacramento, CA 95814
3
   JEREMY N. HENDON
4  Trial Attorney, Tax Division
   U.S. Department of Justice
5  P.O. Box 683
   Ben Franklin Station
6  Washington, D.C.  20044-0683
   Telephone: (202) 353-2466
7  Facsimile:  (202) 307-0054
   Email: Jeremy.Hendon@usdoj.gov
8          Western.Taxcivil@usdoj.gov

9
          IN THE UNITED STATES DISTRICT COURT FOR THE
10
          EASTERN DISTRICT OF CALIFORNIA
11

12  FREEDOM FROM RELIGION            )  Case No.: 2:09-CV-02894-WBS-DAD
    FOUNDATION, INC.; PAUL STOREY;   )
13  BILLY FERGUSON; KAREN            )  **UNITED STATES' RESPONSE TO**
    BUCHANAN; JOSEPH MORROW;         )  **MOTION TO INTERVENE BY**
14  ANTHONY G. ARLEN; ELISABETH      )  **PASTOR MICHAEL RODGERS, ET**
    STEADMAN; CHARLES AND            )  **AL.**
15  COLLETTE CRANNELL; MIKE          )
    OSBORNE; KRISTI CRAVEN; WILLIAM  )  HEARING: Nov. 23, 2009
16  M. SHOCKLEY; PAUL ELLCESSOR;     )  TIME: 2:00 p.m.
    JOSEPH RITTELL; WENDY CORBY;     )  COURTROOM: 5
17  PAT KELLEY; CAREY GOLDSTEIN;     )
    DEBORA SMITH; KATHY FIELDS;      )
18  RICHARD MOORE; SUSAN             )
    ROBINSON; AND KEN NAHIGIAN,      )
19                                   )
20      Plaintiffs,                  )
                                     )
21      v.                           )
                                     )
22  TIMOTHY GEITHNER, in his official )
    capacity as Secretary of the United States )
23  Department of the Treasury; DOUGLAS )
    SHULMAN, in his official capacity as )
24  Commissioner of the Internal Revenue )
    Service; and SELVI STANISLAUS, in her )
25  official capacity as Executive Officer of the )
    California Franchise Tax Board,   )
26                                   )
        Defendants,                  )
27                                   )
        AND                          )
28  ─────────────────────────────── )

PASTOR MICHAEL RODGERS; DOES        )
1-100,                              )
                                    )
Proposed Intervenors-Defendants.    )

Defendant, the United States of America,[1] through its undersigned counsel, hereby

responds to the Motion to Intervene by Applicants Pastor Michael Rodgers, et al. (hereafter

"Motion")[2] and responds as follows:

### INTRODUCTION

With respect to the federal defendants, plaintiffs brought this action seeking a declaration

that the federal defendants violate the Establishment Clause of the First Amendment to the

United States Constitution, a declaration that I.R.C. §§ 107 and 265(a)(6) (26 U.S.C.) violate the

Establishment Clause of the First Amendment to the United States Constitution, and seeking an

order enjoining the federal defendants from continuing to grant tax benefits under I.R.C. §§ 107

and 265(a)(6).  Applicant seeks to intervene in order to defend against plaintiffs' claims because

Applicant asserts that "[t]his litigation would have a direct, negative, fiscal impact" on him if

plaintiffs prevail.

Under the Federal Rules of Civil Procedure 24(a)(2), a party is entitled to intervene in a

federal court action as a matter of right if the party, upon a timely application, "claims an interest

relating to the property or transaction that is the subject of the action, and is so situated that

disposing of the action may as a practical matter impair or impede [the party's] ability to protect

its interest, unless existing parties adequately represent that interest."  Additionally, under Rule

---

[1]Plaintiffs named Timothy Geithner, in his capacity as the Secretary of United States Department of Treasury, and Douglas Shulman, in his capacity as Commissioner of the Internal Revenue Service, as defendants. *See* Complaint at 1.  It is well established that such suit, one against a federal employee in his official capacity, is essentially a suit against the United States. *See Dugan v. Rank*, 372 U.S. 609 (1962); *Atkinson v. O'Neil*, 867 F.2d 589, 590 (10th Cir. 1989); *Burgos v. Milton*, 709 F.2d 1 (1st Cir. 1983); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).  Thus, the proper federal defendant is the United States of America.

[2]The Motion is being submitted on behalf of Pastor Michael Rodgers ("Applicant") as well as Does 1-100.  However, none of the Does nor their counsel presented any evidence to support the Does' request for intervention.  Due to that lack of evidence, or argument, regarding the Does' basis for intervention, the Court should construe the Motion as only relating to Pastor Michael Rodgers.

1   24(b)(2), a party may intervene with leave of the court if the party "has a claim or defense that

2   shares with the main action a common question of law or fact."  Applicant has satisfied neither

3   the requirements for intervention as of right under Rule 24(a)(2) nor the requirements for

4   permissive intervention under Rule 24(b)(2).

5   **ARGUMENT**

6   **I.    Applicant is Not Entitled to Intervention as of Right Pursuant to Rule 24(a)(2).**

7       The Ninth Circuit construes the requirements of Rule 24 liberally in favor of applicants.

8   *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (citing *United States v. Alisal Water Corp.*,

9   370 F.3d 915, 919 (9th Cir. 2004)).  Applicant correctly notes that the Ninth Circuit has divided

10  Rule 24(a)(2) into four elements:

11  > (1) the motion must be timely; (2) the applicant must claim a "significantly protectable"
    > interest relating to the property or transaction which is the subject of the action; (3) the
12  > applicant must be so situated that the disposition of the action may as a practical matter
    > impair or impede its ability to protect that interest; and (4) the applicant's interest must
13  > be inadequately represented by the parties to the action.

14  *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 440-41 (9th Cir. 2006) (citing *Sierra Club v.*

15  *EPA*, 995 F.2d 1478 (9th Cir. 1993)).  Furthermore, the party seeking intervention bears the

16  burden of showing that these four elements are met.  *Prete*, 438 F.3d at 954.

17      **A.    Applicant's Motion is Timely.**

18      The United States concedes that Applicant's Motion was timely as it was filed six days

19  following the complaint.  *See*, *e.g.*, *Prete*, 438 F.3d at 954 (observing that "plaintiffs wisely

20  concede the intervenor-defendants' application was timely . . . [when] brought only six days

21  after plaintiffs brought the action").

22      **B.    According to Ninth Circuit precedent, Applicant Has a "'Significantly**
            **Protectable' Interest Relating to the Property or Transaction Which is the**
23          **Subject of the Action."**

24      To satisfy the Ninth Circuit's second requirement for intervention as of right, an

25  applicant must have a "significantly protectable" interest relating to the property or transaction

26  which is the subject of the action.  *Lockyer*, 450 F.3d at 440.  Applicant likely is able to establish

27  a "significantly protectable" interest consistent with Ninth Circuit case law, which has liberally

28  interpreted the relationship requirement of Rule 24(a)(2). The Ninth Circuit has found that an

1  applicant has a significantly protectable interest in an action if "'(1) it asserts an interest that is

2  protected under some law, and (2) there is a 'relationship' between its legally protected interest

3  and the plaintiff's claims.'" *Lockyer*, 450 F.3d at 441 (quoting *Donnelly v. Glickman*, 159 F.3d

4  405, 409 (9th Cir. 1998)).  Furthermore, the Ninth Circuit has held that a public interest group

5  has a significantly protectable interest in an action challenging the legality of a measure which it

6  has supported (*Prete*, 438 F.3d at 954-955 (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d

7  525, 528 (9th Cir. 1983)) or a group of doctors has a significantly protectable interest where the

8  statute at issue in the action was passed to protect or otherwise benefit those doctors (*Lockyer*,

9  450 F.3d at 441).

10  Based on Ninth Circuit precedent, it appears that Applicant likely meets this requirement

11  as he has an interest in the tax attributes provided by I.R.C. §§ 107 and  265(a)(6) and there is a

12  "relationship" between those attributes and the present action seeking a declaration that those

13  statutes are unconstitutional and injunction from continuing to allow those tax attributes.

14  **C.     Even If Applicant Possesses a "Significantly Protectable Interest" He Still May Protect His Interest Through "Other Means."**

15  To satisfy the third element for intervention as of right, the disposition of the action must

16  threaten to impair or impede the applicant's ability to protect that interest.  *See Lockyer*, 450

17  F.3d at 440.  Even if an action "would *affect* the proposed intervenors' interests, their interests

18  might not be *impaired* if they have 'other means' to protect them."  *Id.* at 441.  Here, Applicant

19  claims an interest by stating, "[i]f this court were to find those statutes unconstitutional, such a

20  ruling would directly affect the availability of resources to all clergy within the Court's

21  jurisdiction."  *See* Memorandum of Points and Authorities in Support of Motion to Intervene by

22  Pastor Michael Rodgers, et al. (hereafter "Applicants' Memorandum") at 7.  A ruling on the

23  constitutionality of the statutes at issue is a disposition that might affect Applicant's interests.

24  However, Applicant has the ability to employ "other means" to protect his interest, namely by

25  raising his arguments in an amicus brief to which the United States does not object.  Therefore,

26  Applicant's ability to protect his interests would not be impaired or impeded if he is not allowed

27  to intervene if he is  allowed to submit amicus briefs.

**D.    Applicant's Interests Are Adequately Represented by the Parties Before the Court.**

Finally, Applicant's motion for intervention as of right fails because Applicant fails to meet his burden of demonstrating that the United States will not adequately represent his interests.  "Although the burden of establishing inadequacy of representation may be minimal, the requirement is not without teeth."  *Prete*, 438 F.3d at 956.  In assessing whether an existing party will adequately represent an intervenor-applicant's interests, the Ninth Circuit considers several factors, "including whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected."  *Id.* (*citing Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)) (bracketed text in original).

Furthermore, in the Ninth Circuit, when an applicant for intervention and an existing party have the same ultimate objective[3], a presumption of adequacy of representation arises. *Araki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

> There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents.  In the absence of a *very compelling showing* to the contrary it will be presumed that a state adequately represents its citizens when the applicant shares the same interest.  Arguably, this principle is nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.

*Lockyer*, 450 F.3d at 444 (internal citations and quotation marks omitted) (emphasis added). Applicant has failed to make the required compelling showing of inadequate representation. Applicant has failed to introduce any evidence beyond conjecture that the United States would not adequately represent his interests.  Therefore, he fails to satisfy his burden of demonstrating that the existing parties would provide inadequate representation.  *Prete*, 438 F.3d  at 958 ("a petitioner must produce something more than speculation to the purported inadequacy in order to justify intervention as of right" (quoting *Moosehead San. Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979)).

---

[3]Here, the United States and Applicant share the same ultimate objective: to uphold 26 I.R.C. §§ 107 and 265(a) against constitutional attack.

1    Notwithstanding the presumption of adequate representation, the United States meets the

2    test for adequate representation described above.  First, both the United States and Applicant

3    would assert the same defenses to the constitutionality of the statutes at issue.  *See Lockyer*, 450

4    F.3d at 444.  Second, the United States is capable of and willing to make arguments regarding

5    the constitutionality of its statutes, despite Applicant's overtures to the contrary.  *Id; see*

6    Applicant's Memorandum at 11.  To that end, the United States has consistently enforced the

7    provisions of 26 I.R.C. §§ 107 and 265(a)(6) since their enactment, and Applicant has not

8    alleged, let alone provided any evidence establishing, any change in that intention.  In *Lockyer*,

9    the Court explicitly had held that the intervention was only granted on the basis of divergent

10   interests and inadequate representation because the United States had already promulgated a

11   limiting construction of the statute at issue that was opposed to construction preferred by the

12   intervenor-applicants.  *Lockyer*, 450 F.3d at 444-45.  Unlike *Lockyer*, Applicants will not "bring

13   a point of view to the litigation not presented by either the plaintiffs or the defendants."  *Id.* at

14   445.  Further, the United States has not already promulgated a limiting construction of the

15   statutes at issue here.  As to the third factor, as discussed above, Applicant introduces no

16   additional elements of a claim or defense that might affect the resolution of the instant action for

17   declaratory judgment.  Therefore, because representation by the United States would be adequate

18   to protect Applicant's interests, he is not entitled to intervention as of right.

19   **II.    Applicant is Not Entitled to Permissive Intervention Pursuant to Rule 24(b).**

20        Federal Rule of Civil Procedure 24(b)(2) empowers a court to allow a party to intervene

21   on a discretionary permissive basis if that party "has a claim or defense that shares with the main

22   action a common question of law or fact."  In the Ninth Circuit, the applicant must, at a

23   minimum, show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the

24   applicant's claim or defense, and the main action, have a question of law or a question of fact in

25   common."  *So. Cal. Edison v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (citing *United States v.*

26   *City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002)).  Furthermore, "[e]ven if an applicant

27   satisfies those threshold requirements, the district court has discretion to deny permissive

28   intervention." *Id.* (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)).

1    As discussed above, Applicant's motion is timely. However, Applicant fails to address,

2    let alone establish, that they have independent grounds for jurisdiction. On that basis alone, the

3    Court should deny his request. Notwithstanding Applicant's failure, it is clear that he lacks

4    sufficient "independent grounds for jurisdiction" in this case because he cannot hold any

5    independent claims or defenses in his own right. *See Benavidez v. Eu*, 34 F.3d 825, 830 (9th Cir.

6    1994) ("*This discretionary procedure is properly utilized in a case in which it appears that the*

7    *intervenor has a separate and independent basis for jurisdiction and in which failure to*

8    *adjudicate the claim will result only in unnecessary delay.*" (emphasis in original) (quoting

9    *Fuller v. Volk*, 351 F.2d 323, 328-29 (3d Cir.1965))).

10    In this case, there are no common claims held by Applicant that could be consolidated

11    through intervention, only redundant defenses, so no delay would be averted. Further, Applicant

12    has no other claim he could assert to establish an independent ground for jurisdiction. The only

13    claim Applicant could assert in this case is a request that the statutes at issue be declared

14    constitutional. However, "[s]tatutes are presumed constitutional." *SeaRiver Maritime Financial*

15    *Holdings, Inc. v. Mineta* (citing *Heller v. Doe*, 509 U.S. 312, 320 (1993)). Therefore, he would

16    not have a valid claim. In addition, Applicant would be precluded from bringing an action

17    seeking a declaration that the statutes are constitutional. *See* 28 U.S.C. § 2201(a) (empowers

18    "any court of the United States" to "declare the rights and other legal relations of any interested

19    party seeking such a declaration" in "a case of *actual controversy* within its jurisdiction, *except*

20    *with respect to Federal taxes* other than actions brought under section 7428 of the Internal

21    Revenue Code." 28 U.S.C. § 2201(a) (emphasis added)). The flipside of this grant of authority

22    in the Section 2201(a) is a prohibition against the rendering of a declaratory judgment by *any*

23    federal court, including this one, in any federal tax case not arising under 26 U.S.C. § 7428 or

24    specifically authorized by §§ 7476-7479. *See Flora v. United States*, 362 U.S. 145, 164 (1960);

25    *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

26    Along the same lines, Applicant only shares a common question of law insofar as an

27    identical question of law is "common" and not merely redundant. Because the issue to be

28    resolved in the underlying action is the constitutionality of a statute on its face, and Applicant

1  merely seeks to deny that allegation, Applicant has no unique jurisdictional connection or

2  question of law held in his own right. *See Benavidez*, 34 F.3d at 830 ("By allowing the suit to

3  continue with respect to the intervening party, the court can avoid the senseless delay and

4  expense of a new suit, which at long last will merely bring the parties to the point where they

5  now are."). Therefore, because Applicant lacks distinct claims or defenses relating to the case to

6  confer an independent jurisdictional basis, Applicant has failed to meet the threshold

7  requirements for permissive intervention.

8         Finally, "the decision to grant or deny this type of intervention is discretionary, subject to

9  considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763,

10  777 (9th Cir. 1990). In exercising its discretion, the court must consider "whether the

11  intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

12  Fed. R. Civ. P. 24(b)(2). Allowing Applicant to intervene would unduly delay and prejudice the

13  adjudication of the underlying case because Applicant does not need to be a party to make his

14  legal arguments, and any additional party "would unnecessarily encumber the litigation." *See*

15  *PEST Committee v. Miller*, No. 2:08-cv-01248-RLH-GWF, 2009 WL 2524745 at *8 (D. Nev.

16  2009) (denying motion to intervene based on permissive intervention grounds in part because

17  adding additional parties where the potential intervenors' interests are adequately protected

18  would unnecessarily encumber the litigation). Furthermore, as discussed above, because the

19  interests and procedural posture of Applicant is so broad and factually unrelated to the action for

20  declaratory judgment, allowing intervention would provide a rationale for any other "minister of

21  the gospel" or person claiming a deduction under the statutes at issue to intervene, thus

22  undermining judicial economy and creating potential for undue delay or prejudice. Therefore,

23  because Applicant lacks a distinct legally cognizable claim or defense held in his own right,

24  allowing him to intervene as another party to the action undermines rather than advances judicial

25  economy. Accordingly, the Court should deny Applicant's request for permissive intervention.

26  ///

27  ///

28

UNITED STATES' RESPONSE
TO MOTION TO INTERVENE                    -8-

1

**CONCLUSION**

2

      For the foregoing reasons, Applicant's Motion to Intervene should be denied.

3

DATED this 6th day of November, 2009.

4

                               Respectfully submitted,

5

                               LAWRENCE G. BROWN
                               Acting United States Attorney

6

7

             By:     /s/ Jeremy Hendon
                               JEREMY HENDON

8

                               Trial Attorney, Tax Division
                               U.S. Department of Justice
                               P.O. Box 683

9

                               Ben Franklin Station
                               Washington, D.C. 20044

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2       IT IS HEREBY CERTIFIED that service of the foregoing **UNITED STATES'**

3  **RESPONSE TO MOTION TO INTERVENE BY PASTOR MICHAEL RODGERS, ET**

4  **AL.** has been made this 6th day of November, 2009 via the Court's CM/ECF system to:

5        Michael Newdow                    NewdowLaw@gmail.com
         *Counsel for Plaintiffs*

6
         Kevin Snider                      kevinsnider@pacificjustice.org
7        Matthew McReynolds                mattmcreynolds@pacificjustice.org
         *Counsel for Proposed Intervenor Defendants*

8

9                                          /s/ Jeremy N. Hendon
                                           JEREMY N. HENDON
10                                         Trial Attorney, Tax Division
                                           U.S. Department of Justice

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28