Kevin T. Snider, State Bar No. 170988
    *Counsel of Record*
Matthew B. McReynolds, State Bar No. 234797
PACIFIC JUSTICE INSTITUTE
Post Office Box 276600
Sacramento, CA 95827
Tel. (916) 857-6900
Fax: (916) 857-6902
Email: kevinsnider@pacificjustice.org
       mattmcreynolds@pacificjustice.org

*Attorneys for Intervenors/Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC.; PAUL STOREY; BILLY FERGUSON; KAREN BUCHANAN; JOSEPH MORROW; ANTHONY G. ARLEN; ELISABETH STEADMAN; CHARLES AND COLLETTE CRANNELL; MIKE OSBORNE; KRISTI CRAVEN; WILLIAM M. SHOCKLEY; PAUL ELLCESSOR; JOSEPH RITTELL; WENDY CORBY; PAT KELLEY; CAREY GOLDSTEIN; DEBORA SMITH; KATHY FIELDS; RICHARD MOORE; SUSAN ROBINSON; AND KEN NAHIGIAN,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY GEITHNER, in his official capacity as Secretary of the United States Department of the Treasury; DOUGLAS SHULMAN, in his official capacity as Commissioner of the Internal Revenue Service; and SELVI STANISLAUS, in her official capacity as Executive Officer of the | Case No. 2:09-CV-02894-WBS-DAD<br><br>NOTICE OF LODGING OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO INTERVENE BY PASTOR MICHAEL RODGERS, ET AL.<br><br><br>HEARING:   Nov. 23, 2009<br>TIME:        2:00 p.m.<br>COURTROOM: 5<br>TRIAL DATE:  TBD |

Notice of Lodging of Supplemental Authority in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-1-

| | |
|---|---|
| California Franchise Tax Board, | ) |
|     Defendants, | ) |
| AND | ) |
| PASTOR MICHAEL RODGERS; DOES 1-100, Proposed Intervenors-Defendants. | ) |

To the Court and all parties: Please take notice that on November 24, 2009, the United States District Court for the District of Arizona issued an Order granting a motion to intervene in *Tucson Women's Center, et al. v. Arizona Medical Board, et al.,* Case No. CV-09-1909-PHX-DGC. The Order is attached hereto as Exhibit A. Because oral argument was held on the pending motion to intervene on November 23, 2009, the attached decision was not available for discussion.

The attached decision is relevant, persuasive authority in that it granted intervention to a third party to defend the constitutionality of a statute, and it considers many of the authorities raised by Pastor Rodgers and the United States in their briefs and at oral argument.

Respectfully submitted, November 25, 2009.

                                  PACIFIC JUSTICE INSTITUTE

                                  By: /s/ Matthew B. McReynolds
                                      Kevin T. Snider
                                      Matthew B. McReynolds

                                  *Attorneys for Pastor Michael Rodgers and Does 1-100, Proposed Defendants-Intervenors*

Notice of Lodging of Supplemental Authority in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-2-

## PROOF OF SERVICE

The undersigned, being over the age of eighteen years and competent to testify, whose business address is P.O. Box 276600 (mail) and 9851 Horn Rd. Suite 115 (deliveries), Sacramento, CA 95827, declares as follows:

On November 25, 2009, I served the foregoing document:

- NOTICE OF LODGING OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO INTERVENE BY PASTOR MICHAEL RODGERS, ET AL.

on all parties, by the following methods:

- Plaintiffs Freedom from Religion Foundation, et al.: by filing the document with the Court's CM/ECF system, through which their attorney Michael Newdow is registered to receive service.

- Defendants Timothy Geithner, Secretary of the United States Treasury, and Douglas Shulman, Commissioner of the IRS: by filing the document with the Court's CM/ECF system, through which their attorney Jeremy Hendon is registered.

- Defendant Selvi Stanislaus, Executive Officer of the California Franchise Tax Board: by mailing the document via first-class U.S. mail, postage prepaid, to P.O. Box 1468, Sacramento, CA 95812-1468.

I declare under the penalty of perjury though the laws of the United States and the State of California that the foregoing is true and correct and is of my own personal knowledge. Executed this 25th day of November, 2009, in Sacramento County, California.



Matthew McReynolds, Declarant

Notice of Lodging of Supplemental Authority in Support of Motion to Intervene by Pastor Michael Rodgers, et al.

-3-

# EXHIBIT A

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tucson Women's Center; Family Planning Associates; William Richardson, M.D.; Paul A. Isaacson, M.D.; and Frank Laudonio, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> Arizona Medical Board; Lisa Wynn, in her official capacity as Executive Director of the Arizona Medical Board; and Terry Goddard, in his official capacity as Attorney General of Arizona, <br><br> Defendants. | No. CV-09-1909-PHX-DGC <br><br> **ORDER** |

On September 14, 2009, Plaintiffs filed the present lawsuit against the Arizona Medical Board, the Arizona Attorney General, and others, challenging the constitutionality of several abortion statutes and seeking an injunction to prevent their enforcement. Dkt. #1. On September 22, 2009, a group of proposed intervenors filed a motion to intervene as defendants. Dkt. #26. Plaintiffs oppose the motion. Dkt. #83. The motion is fully briefed. For the reasons that follow, the Court will grant the motion to intervene in part and deny it in part.[1]

---

[1] The proposed intervenors' request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

I. **Background.**

Arizona House Bill 2564 ("the Act") amends Arizona law relating to abortions. The Act was passed by the Arizona Legislature and signed by the Governor in July of 2009. Among other things, the Act prohibits an abortion unless the patient has received certain statutorily-prescribed information, has then waited 24 hours before receiving an abortion, and has consented to the abortion in writing. A.R.S. § 36-2153(A).

Plaintiff Tucson Women's Center is a medical facility that offers a variety of reproductive healthcare services, including abortions. Plaintiff William Richardson, M.D., operates the center and is a physician licensed to practice medicine in Arizona. Plaintiff Family Planning Associates is a reproductive healthcare facility located in Phoenix. Plaintiff Paul Isaacson, M.D., a licensed physician, is a co-owner of the facility. Plaintiff Frank Laudonio, M.D., is a licensed physician certified in obstetrics and gynecology who provides referrals for abortions, but does not perform them himself.

Defendants are the Arizona Medical Board, Lisa Wynn in her official capacity as the Executive Director of the Board, and Arizona Attorney General Terry Goddard. The Arizona Medical Board is responsible for enforcing the Act.

The proposed intervenors are made up of two individuals and six organizations.[2] The American Association of Pro-Life Obstetricians and Gynecologists, the Christian Medical and Dental Association, the Catholic Medical Association, and Christian Pharmacists Fellowship International (collectively "medical professional organizations") are all organizations of licensed physicians and/or medical professionals who oppose the practice of abortion. Dkt. #26 at 4-8.[3] Crisis Pregnancy Centers of Greater Phoenix ("CPC") is a nonprofit organization which operates several pregnancy resource centers in the Phoenix area. *Id.* at 9. The Arizona Catholic Conference ("ACC") "is the public policy agency of the

---

[2] The Court will not consider whether Ave Maria Pharmacy, PLLC is entitled to intervene, as its motion to intervene has been withdrawn. Dkt. #84 at 2 n.1.

[3] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

- 2 -

1 Catholic Dioceses of Gallup, Phoenix, and Tucson" which "advocates for legislation on
2 issues that are addressed by Church doctrine." *Id.* at 9. Senator Linda Gray and
3 Representative Nancy Barto are members of the Arizona Legislature, and were sponsors of
4 the Act. *Id.* at 3-4. These organizations and individuals ask the Court to allow them to
5 "intervene to defend a state statute for which the organizations have advocated and which
6 protect the constitutional and statutory rights of their members." *Id.* at 3. They seek to
7 intervene under Federal Rule of Civil Procedure 24(a) and 24(b).

**II.     Rule 24(a).**

9       The Ninth Circuit has established a four-part test for intervention under Rule 24(a).
10 This test requires a proposed intervenor to (1) have a significantly protectable interest in the
11 property or transaction that is the subject of the action, (2) be situated so that the disposition
12 of the action may impair that party's ability to protect that interest, (3) demonstrate that its
13 interests are not adequately represented by other parties, and (4) move to intervene in a
14 timely manner. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "In determining
15 whether intervention is appropriate, we are guided primarily by practical and equitable
16 considerations. We generally interpret the requirements broadly in favor of intervention."
17 *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

18       The proposed intervenors filed a timely motion. Dkt. #83 at 7. The Court will
19 consider the other three requirements in turn.

**A.     Significantly protectable interest.**

21       In order to demonstrate a protectable interest, each proposed intervenor must establish
22 that (1) its interest is protected under some law and (2) there is a relationship between that
23 legally protected interest and the plaintiffs' claims. *Donnelly*, 159 F.3d at 409. As to the first
24 requirement, the prospective intervenor need not show that the interest he asserts is protected
25 by the statute under which the litigation is brought. *Sierra Club v. U.S. EPA*, 995 F.2d 1478,
26 1484 (9th Cir. 1993). Rather, he must show that "the interest is protectable under some law,
27 and that there is a relationship between the legally protected interest and the claims at issue."
28 *Id.* A proposed intervenor satisfies the second requirement "only if the resolution of the

- 3 -

plaintiff's claims actually will affect the applicant." *Donnely*, 159 F.3d at 410 (citations omitted).

The Court will consider the intervenors in groups based on their alleged protectable interests. The Court finds that CPC and ACC have sufficient protectable interests, while the medical professional organizations, Representative Barto, and Senator Gray do not.[4]

### 1. Medical professional organizations.

The medical professional organizations argue that they they are among the class of beneficiaries that § 36-2154 of the Act was intended to protect. *See* A.R.S. § 36-2154. They similarly argue that they have a protectable interest because Plaintiffs' claims could "compromise their members' First Amendment free exercise and free speech and state and federal statutory rights, even leaving them subject to regulatory and/or criminal penalties should they refuse to perform, participate in or refer abortions." Dkt. #26 at 12. Plaintiffs, however, no longer challenge provisions of the Act that protect the right to refuse to provide or participate in an abortion. Dkt. #82. Thus, there is no relationship between the protectable interests asserted by the medical professional organizations and Plaintiffs' claims. Because the motion to intervene does not assert any other interests of the medical professional organizations, Dkt. #26 at 12, they have not shown a right to intervene.[5]

### 2. CPC.

CPC offers pregnancy resource centers and alternatives to abortion. Because the Act requires that a woman seeking an abortion be informed of the availability of such services,

---

[4] Because the medical professional organizations, Representative Barto, and Senator Gray do not meet this part of the Rule 24(a) test, the Court will not consider whether they meet the other parts of the test. The Court will, however, consider whether they are entitled to permissive intervention under Rule 24(b).

[5] The medical professional organizations argue in their reply that they "have an interest in articulating the interests of themselves and their patients in defending legislation that is designed to ensure full and accurate information about a decision that is fraught with emotional consequences." Dkt. #84 at 5 (citation omitted). The Court does not consider arguments made for the first time in reply memoranda. *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).

- 4 -

CPC argues that it has a significantly protected interest that would be affected if this portion of the Act were held invalid. Dkt. #26 at 14; *see* A.R.S. § 36-2153(A). CPC does not argue that is has an interest protected by the Act itself, nor could it. The Act does not require that medical professionals inform patients specifically about CPC, and it does not grant CPC a right to enforce any provision. Nor can the Court conclude that the Act was established to protect CPC.

It cannot be disputed, however, that CPC has a legally protected right to provide the services and information it espouses. Certainly the laws of Arizona and the United States permitting the operation of such nonprofit organizations protect the right of CPC to exist and act as it does. As noted above, Rule 24(a) requires only that "the interest is protectable under some law." *Sierra Club*, 995 F.2d at 1484. The question, then, is whether there is a relationship between CPC's legally protected interests and the claims at issue in this litigation. Invalidation of the 24-hour notice and payment provisions of the Act would not curtail CPC's right to operate, but such a direct adverse effect is not required. The Ninth Circuit has held "that a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests[.]" *Cal. ex rel. Lockyer v. U.S.*, 450 F.3d 436, 441 (9th Cir. 2006). A statute requiring that physicians throughout Arizona advise every abortion patient of the services provided by nonprofit organizations such as CPC undoubtedly would have the practical effect of furthering the purpose and work of CPC, and invalidation of the statute likewise would have a practical effect on the organization. The Ninth Circuit has recognized the right of nonprofit organizations to intervene even when they have only "interests less plainly protectable by traditional legal doctrines." *Sierra Club*, 995 F.2d at 1482-83 (citing cases). Because Rule 24(a) is to be interpreted "broadly in favor of intervention," *Donnelly*, 159 F.3d at 409, the Court concludes that CPC has shown a sufficiently protected interest.

        3.       ACC.

"A public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Fed'n v.*

- 5 -

*Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); *see, e.g., Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (granting intervention to the National Audubon Society because it participated in the administrative process to establish a bird conservation area); *Wash. State Bldg. & Constr. Trades v. Spellman*, 684 F.2d 627 (9th Cir. 1982) (granting intervention to a public interest group that sponsored a statute as an initiative measure); *Idaho v. Freeman*, 625 F.2d 886 (9th Cir. 1980) (granting the National Organization of Women the right to intervene in a suit challenging procedures for ratification of the proposed Equal Rights Amendment, which the organization had championed). ACC advocated for passage of the Act, and argues that it therefore has a sufficient interest to intervene.

Plaintiffs argue that only groups which take an "active" role in supporting legislation may intervene under *Idaho Farm Bureau*, that ACC did not assume a leadership role in support of the Act, and that ACC therefore was not sufficiently "active" to warrant intervention. Dkt. #83 at 9. The Court does not agree. Plaintiffs cite no cases holding that only leadership roles entitle public interest groups to intervene. ACC actively supported the Act by providing testimony before the Arizona House Health Committee. Dkt. #83 at 9. The Court cannot conclude that this active support fell below some unspecified level of sufficiency. The Court finds that ACC has a sufficient legal interest under *Idaho Farm Bureau*. 58 F.3d at 1397.

### 4. Representative Barto and Senator Gray.

Representative Barto and Senator Gray argue that they have a sufficiently protected interest "because their legislative votes in favor of [the Act] are in jeopardy of being invalidated by Plaintiffs' suit." Dkt. #26 at 13. They rely primarily on two Supreme Court cases, *Raines v. Byrd*, 521 U.S. 811, 823 (1997), and *Coleman v. Miller*, 307 U.S. 438 (1939). These cases do not support their position.

*Raines* held that legislators do not have standing to challenge the constitutionality of legislation. It noted that their only interest in the legislation arises out of their positions as legislators – positions that are not permanent, that are held only so long as the legislators remain in elected office, and that are held only "as trustee[s] for [their] constituents, not as

prerogatives of personal power." 521 U.S. at 821. The legislators therefore have no personal interest in the constitutionality of a statute, the Supreme Court held, and they therefore lack Article III standing. *Id.* at 823.

Representative Barto and Senator Gray likewise have no personal interest in the constitutionality of the Act. Their only interest, even as described in their own memorandum, is to ensure the effectiveness of their votes as legislators. Dkt. #26 at 13. This is precisely the interest the Supreme Court found to be insufficient in *Raines*. If a legislator's interest in preserving the effectiveness of his or her vote is not sufficient to entitle the legislator to initiate litigation concerning the constitutionality of a statute, it is not sufficient to entitle the legislator to intervene as a matter of right in the same litigation. Representative Barto and Senator Gray have not shown a sufficiently protectable interest to satisfy the requirements of Rule 24(a).[6]

**B.  Impaired ability to protect an interest.**

CPC and ACC must show that the disposition of this action "may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Generally, after finding that a proposed intervenor has a significant protectable interest, courts have "little difficulty concluding" that the disposition of the case may affect it. *Lockyer*, 450 F.3d at 442.

Disposition of this action in Plaintiffs' favor would impair CPC and ACC's ability to protect their interests. As noted above, a holding that the 24-hour notice provision is invalid would have practical implications for CPC, implications that could not otherwise be avoided by CPC. Such a holding would also be contrary to ACC's interest in protecting the

---

[6] The Supreme Court in *Raines* noted that legislators had been granted standing in the 1939 decision in *Coleman*, but limited the holding of *Coleman* to cases where a legislator's vote had been nullified by the action of another state official. 521 U.S. at 821-823. The votes of Representative Barto and Senator Gray have not been so nullified, and *Raines* makes clear that any potential "nullification" that might arise from the constitutional invalidity of the Act does not implicate sufficient personal interests to warrant their entry into this case. The 1997 decision in *Raines* also clearly overrides *Kennedy v. Sampson*, 511 F.2d 430, 435 (D.C. Cir. 1974), the other case cited by the proposed intervenors.

- 7 -

constitutionality of the legislation for which it advocated, with no other avenue for ACC to protect that interest. Both CPC and ACC meet this requirement.

### C. Adequate representation by Defendants.

The Court must consider "whether the interest of a present party is such that it will undoubtedly make all [of CPC's and ACC's] arguments," "whether the present party is capable and willing to make such arguments," and "whether [CPC and ACC] would offer any necessary elements to the proceedings that other parties would neglect." *State of Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). A proposed intervenor need only show that the defendant's representation of its interest "may" be inadequate, a minimal burden. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 428, 538 n.10 (1972). If, however, the proposed intervenor and a defendant have the "same ultimate objective, a presumption of adequacy of representation arises" and the proposed intervenor must make a substantial showing of inadequacy. *Arakaki*, 324 F.3d at 1086.

Defendants may not share the same ultimate objective as CPC and ACC. All seek to have the Act held constitutional, but Defendants may accept a limiting interpretation unacceptable to CPC and ACC. This was made clear in Defendants' response to Plaintiffs' motion for preliminary injunction, in which Defendants argued for a limited scope of § 36-2153(D) in order to preserve its constitutionality. Dkt. #51 at 22-23; *see* A.R.S. § 36-2153(D). A "willingness to suggest a limiting construction in defense of a statute is an important consideration in determining whether the government will adequately represent" the interests of a proposed intervenor. *Lockyer*, 450 F.3d at 444.

Moreover, CPC can advance arguments that are illuminative of the private sector health care professional perspective, while ACC can provide the perspective of groups whose advocacy efforts resulted in successful passage of the Act. Dkt. #26 at 17. Both groups may also provide evidence concerning the impact of the Act that Defendants could not provide.

### D. Conclusion.

Because CPC and ACC satisfy all four parts of the Rule 24(a) inquiry, the Court will grant their motion to intervene as a matter of right.

- 8 -

### III. Rule 24(b).

A court may grant permissive intervention under Rule 24(b) only if the movant provides an independent basis for jurisdiction, the motion is timely, and the movant's claims or defenses have a question of law or fact in common with the main action. *See* Fed. R. Civ. P. 24(b)(1)(A); *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989). The proposed intervenors have articulated no independent basis for jurisdiction. They do not even make the argument. *See* Dkt. #26 at 18-19, #84 at 8. As a result, they have not made the showing required for permissive intervention under Rule 24(b).

**IT IS ORDERED:**

1. The proposed intervenors' motion to intervene (Dkt. #26) is **granted in part and denied in part** as set forth above.
2. By December 11, 2009, CPC and ACC shall file their answer as intervenor-defendants in this action.

DATED this 24th day of November, 2009.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge