1  Richard L. Bolton (SBN: 1012552)
2  Boardman, Suhr, Curry & Field LLP
3  P.O. Box 927
4  Madison, Wisconsin  53701-0927
5  *Pro Hac Vice*
6  Michael A. Newdow (SBN: 220444)
7  NEWDOWLAW
8  P.O. Box 233345
9  Sacramento, California  95623
10  *Attorneys for Plaintiffs*
11
12              IN THE UNITED STATES DISTRICT COURT
13
14          FOR THE EASTERN DISTRICT OF CALIFORNIA
15
16                        CIVIL DIVISION
17
18  FREEDOM FROM RELIGION          )   Civil No. 2:09-CV-02894-WBS-DAD
19  FOUNDATION, INC.; PAUL STOREY; )
20  BILLY FERGUSON; KAREN          )
21  BUCHANAN; JOSEPH MORROW;       )   **CORRECTED**
22  ANTHONY G. ARLEN; ELISABETH    )   **AMENDED COMPLAINT**
23  STEADMAN; CHARLES AND          )   **FOR DECLARATORY AND**
24  COLLETTE CRANNELL; MIKE        )   **INJUNCTIVE RELIEF**
25  OSBORNE; KRISTI CRAVEN;        )
26  WILLIAM M. SHOCKLEY;           )
27  PAUL ELLCESSOR; JOSEPH RITTELL; )   Pretrial Scheduling
28  WENDY CORBY; PAT KELLEY;       )   Conference Date: June 28, 2010
29  CAREY GOLDSTIEN; DEBORA SMITH; )   Time:  2:00 p.m.
30  KATHY FIELDS; RICHARD MOORE;   )   Courtroom: 31
31  SUSAN ROBINSON; AND            )   Judge:  The Hon. William B. Shubb
32  KEN NAHIGIAN,                  )
33                                 )
34                 Plaintiffs,     )
35                                 )
36       v.                        )
37                                 )
38  TIMOTHY GEITHNER, in his official )
39  capacity as Secretary of the United States )
40  Department of the Treasury; DOUGLAS )
41  SHULMAN, in his official capacity as )
42  Commissioner of the Internal Revenue )
43  Service; and SELVI STANISLAUS, in her )
44  official capacity as Executive Officer of )
45  the California Franchise Tax Board, )
46                                 )
47                 Defendants.     )
48  _____)

1   The Plaintiffs, as their Complaint against the Defendants, allege as follows:

2                           **NATURE OF THE CLAIMS**

3       1.      The Plaintiffs seek a declaration under 28 U.S.C. § 2201 that 26 U.S.C.

4   §§107 and 265(a)(6), both on their face and as administered by the Internal Revenue

5   Service ("IRS") and the Department of the Treasury ("Treasury"), violate the

6   Establishment Clause of the First Amendment to the Constitution of the United States by

7   providing preferential tax benefits to ministers of the gospel.  Plaintiffs request that the

8   Court enjoin any allowance or grant of tax benefits for ministers of the gospel under

9   §§107 and 265(a)(6).

10                          **JURISDICTION AND VENUE**

11      2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331

12   with respect to the relief sought against all defendants.  In addition, this Court has

13   jurisdiction pursuant to 28 U.S.C. §§ 1343(a)(3) with respect to the relief sought against

14   defendant Selvi Stanislaus.  The Court also has the authority to issue a declaratory

15   judgment under 28 U.S.C. § 2201.  The Court further has the authority to award

16   injunctive relief under 28 U.S.C. § 1343 and Fed. R. Civ. P. 65.

17      3.      The challenged provisions of the Revenue Code were enacted pursuant to

18   the power granted to Congress by Article I, Section 8 of the United States Constitution.

19      4.      The plaintiffs are federal taxpayers who object to the allowance of

20   preferential tax benefits under the Revenue Code, as enacted pursuant to Article I,

21   Section 8 of the United States Constitution.

22      5.      Venue is appropriate in the District Court for the Eastern District of

23   California, pursuant to 28 U.S.C. §1391(e).

Corrected Amended Complaint for Declaratory and Injunctive Relief

1

**PARTIES**

2       6.       The plaintiff, Freedom From Religion Foundation, Inc. ("FFRF"), is a

3    non-profit membership organization that advocates for the separation of church and state

4    and educates on matters of non-theism.  FFRF has more than 13,900 members, in every

5    state of the United States, including more than 2,200 members in the State of California.

6       7.       FFRF represents and advocates on behalf of its members throughout the

7    United States.

8       8.       FFRF's membership includes individuals who are federal and California

9    taxpayers residing in the Eastern District of California, and who are opposed to

10   government endorsement of religion.

11      9.       The plaintiff, Paul Storey, is an adult individual who is a member of FFRF

12   and a federal and California taxpayer who resides in the Eastern District of California; he

13   is opposed to government endorsement of religion, including preferential and exclusive

14   tax benefits for religious organizations and ministers of the gospel.

15      10.      The plaintiff, Billy Ferguson, is an adult individual who is a member of

16   FFRF and a federal and California taxpayer who resides in the Eastern District of

17   California; he is opposed to government endorsement of religion, including preferential

18   and exclusive tax benefits for religious organizations and ministers of the gospel.

19      11.      The plaintiff, Karen Buchanan, is an adult individual who is a member of

20   FFRF and a federal and California taxpayer who resides in the Eastern District of

21   California; she is opposed to government endorsement of religion, including preferential

22   and exclusive tax benefits for religious organizations and ministers of the gospel.

23      12.      The plaintiff, Joseph Morrow, is an adult individual who is a member of

24   FFRF and a federal and California taxpayer who resides in the Eastern District of

Corrected Amended Complaint for Declaratory and Injunctive Relief

2

1  California; he is opposed to government endorsement of religion, including preferential

2  and exclusive tax benefits for religious organizations and ministers of the gospel.

3         13.    The plaintiff, Anthony G. Arlen, is an adult individual who is a member of

4  FFRF and a federal and California taxpayer who resides in the Eastern District of

5  California; he is opposed to government endorsement of religion, including preferential

6  and exclusive tax benefits for religious organizations and ministers of the gospel.

7         14.    The plaintiff, Elisabeth Steadman, is an adult individual who is a member

8  of FFRF and a federal and California taxpayer who resides in the Eastern District of

9  California; she is opposed to government endorsement of religion, including preferential

10 and exclusive tax benefits for religious organizations and ministers of the gospel.

11        15.    The plaintiffs, Charles and Collette Crannell, are adult individuals who are

12 members of FFRF and federal and California taxpayers who reside in the Eastern District

13 of California; they are opposed to government endorsement of religion, including

14 preferential and exclusive tax benefits for religious organizations and ministers of the

15 gospel.

16        16.    The plaintiff, Mike Osborne, is an adult individual who is a member of

17 FFRF and a federal and California taxpayer who resides in the Eastern District of

18 California; he is opposed to government endorsement of religion, including preferential

19 and exclusive tax benefits for religious organizations and ministers of the gospel.

20        17.    The plaintiff, Kristi Craven, is an adult individual who is a member of

21 FFRF and a federal and California taxpayer who resides in the Eastern District of

22 California; she is opposed to government endorsement of religion, including preferential

23 and exclusive tax benefits for religious organizations and ministers of the gospel.

Corrected Amended Complaint for Declaratory and Injunctive Relief

18.     The plaintiff, William M. Shockley, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

19.     The plaintiff, Paul Ellcessor, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

20.     The plaintiff, Joseph Rittell, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; he is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

21.     The plaintiff, Wendy Corby, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; she is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

22.     The plaintiff, Pat Kelley, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of California; she is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel.

23.     The plaintiff, Carey Goldstein, is an adult individual who is a member of FFRF and a federal and California taxpayer who resides in the Eastern District of

Corrected Amended Complaint for Declaratory and Injunctive Relief

4

1   California; he is opposed to government endorsement of religion, including preferential

2   and exclusive tax benefits for religious organizations and ministers of the gospel.

3       24.    The plaintiff, Debora Smith, is an adult individual who is a member of

4   FFRF and a federal and California taxpayer who resides in the Eastern District of

5   California; she is opposed to government endorsement of religion, including preferential

6   and exclusive tax benefits for religious organizations and ministers of the gospel.

7       25.    The plaintiff, Kathy Fields, is an adult individual who is a member of

8   FFRF and a federal and California taxpayer who resides in the Eastern District of

9   California; she is opposed to government endorsement of religion, including preferential

10  and exclusive tax benefits for religious organizations and ministers of the gospel.

11      26.    The plaintiff, Richard Moore, is an adult individual who is a member of

12  FFRF and a federal and California taxpayer who resides in the Eastern District of

13  California; he is opposed to government endorsement of religion, including preferential

14  and exclusive tax benefits for religious organizations and ministers of the gospel.

15      27.    The plaintiff, Susan Robinson, is an adult individual who is a member of

16  FFRF and a federal and California taxpayer who resides in the Eastern District of

17  California; she is opposed to government endorsement of religion, including preferential

18  and exclusive tax benefits for religious organizations and ministers of the gospel.

19      28.    The plaintiff, Ken Nahigian, is an adult individual who is a member of

20  FFRF and a federal and California taxpayer who resides in the Eastern District of

21  California; he is opposed to government endorsement of religion, including preferential

22  and exclusive tax benefits for religious organizations and ministers of the gospel.

23      29.    The defendant Timothy Geithner ("Geithner") is the Secretary of the

24  United States Department of the Treasury, with a principal address of 1500 Pennsylvania

Corrected Amended Complaint for Declaratory and Injunctive Relief

1  Avenue N.W., Washington, D.C. 20220.  The defendant Geithner is sued in his official

2  capacity.

3      30.    The defendant Douglas Shulman ("Shulman") is the Commissioner of the

4  Internal Revenue Service, with a principal address of 1111 Constitution Avenue N.W.,

5  Washington, D.C. 20224.  The defendant Shulman is sued in his official capacity.

6      31.    The defendant Selvi Stanislaus ("Stanislaus") is the Executive Officer of

7  the California Franchise Tax Board, with a principal address of P.O. Box 1468,

8  Sacramento, CA 98512-1468.  She is sued in her official capacity.

9  **THE ESTABLISHMENT CLAUSE IS VIOLATED BY**
10 **EXCLUSIVE AND PREFERENTIAL TAX BENEFITS**
11
12     32.    The Establishment Clause of the First Amendment to the United States

13 Constitution provides that "Congress shall make no law respecting an establishment of

14 religion."

15     33.    Sections 107 and 265(a)(6) of the Revenue Code, both on their face and as

16 administered by the defendants Geithner and Shulman, violate the Establishment Clause

17 of the First Amendment, including because they provide tax benefits only to "ministers of

18 the gospel," rather than to a broad class of taxpayers.

19     34.    Sections 107 and 265(a)(6) subsidize, promote, endorse, favor, and

20 advance churches, religious organizations, and "ministers of the gospel."

21     35.    In order to administer and apply §§ 107 and 265(a)(6), moreover, the IRS

22 and the Treasury must make sensitive, fact-intensive, intrusive, and subjective

23 determinations dependent on religious criteria and inquiries, such as whether certain

24 activities constitute "religious worship" or "sacerdotal functions;" whether a member of

25 the clergy is "duly ordained, commissioned, or licensed," or whether a Christian college

Corrected Amended Complaint for Declaratory and Injunctive Relief

6

1    or other organization is "under the authority of" a church or denomination.  These and

2    other determinations result in "excessive entanglement" between church and state

3    contrary to the Establishment Clause.

4         36.    Sections 107 and 265(a)(6) were not enacted as "accommodations" of

5    religion under the Establishment Clause, and moreover, the income taxation of ministers

6    of the gospel under the general rules that apply to other individuals would not interfere

7    with the religious mission of churches or other organizations or the ministers themselves

8    and do not otherwise substantially burden religion.

9         37.    Sections 17131.6 and 17280(d)(2) of the California Revenue and Taxation

10   Code, both on their face and as administered by the California Franchise Tax Board,

11   under the direction of the defendant Selvi Stanislaus, also violate the Establishment

12   Clause of the First Amendment to the United States Constitution.

13        38.    Sections 17131.6 and 17280(d)(2) of the California Revenue and Taxation

14   Code correspond to §§107 and 265(a)(6) of the Internal Revenue Code, and they have the

15   same constitutional defects and infirmities under the Establishment Clause of the United

16   States Constitution.

17        39.    The defendant Stanislaus, in her official capacity as the Executive Officer

18   of the California Franchise Tax Board, is responsible for administering and implementing

19   §§ 17131.6 and 17280(d)(2).

20        40.    The defendant Stanislaus has acted under color of state law in allowing tax

21   benefits that violate the Establishment Clause of the United States Constitution.

Corrected Amended Complaint for Declaratory and Injunctive Relief

## APPLICABLE PROVISIONS OF THE INTERNAL
## REVENUE CODE AND TREASURY REGULATIONS

41.    Section 107 of the Internal Revenue Code (26 U.S.C. § 107) provides as follows:

> In the case of a minister of the gospel, gross income does not include -
>
> (1) the rental value of a home furnished to him as part of his compensation; or
>
> (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home and to the extent such allowance does not exceed the fair rental value of the home, including furnishings and appurtenances such as a garage, plus the cost of utilities.

42.    Section 1.107-1(a) of the Income Tax Regulations ("regulations") provides as follows:

> In order to qualify for the exclusion, the home or rental allowance must be provided as remuneration for services which are "ordinarily the duties of a minister of the gospel."  In general, the rules provided in §1.1402(c)-5 will be applicable to such determination.  Examples of specific services the performance of which will be considered duties of a minister for purposes of §107 include the performance of sacerdotal functions, the conduct of religious worship, the administration and maintenance of religious organizations and their integral agencies, and the performance of teaching and administrative functions at theological seminaries.

43.    Although neither §107 of the Code, nor §1.107-1 of the Treasury regulations, limits the tax benefits of §107 to ministers who are "duly ordained, commissioned, or licensed," the IRS apparently requires that a minister of the gospel be "duly ordained, commissioned, or licensed" in order for the minister to be entitled to tax benefits.

44.    The Treasury regulations do not clarify the meaning of "duly ordained, commissioned, or licensed," and difficult determinations often must be made as to whether this requirement is satisfied.

Corrected Amended Complaint for Declaratory and Injunctive Relief

8

45.     The §107 exclusion is available, according to the IRS, only when the minister is given use of a home or receives a housing allowance as compensation for service performed "in the exercise of" his or her ministry, a requirement borrowed from 26 U.S.C. §1402(c)(4).

46.     The Treasury regulations under §1402(c)(4) contain detailed rules for determining the circumstances under which services performed by a minister are "in the exercise of" his or her ministry.

47.     Section 1.1402(c)-5(b)(2) of the Treasury regulations provides that service performed by a minister in the exercise of his ministry includes: 1) the ministration of sacerdotal functions; 2) the conduct of religious worship; and 3) the control, conduct and maintenance of religious organizations (including the religious boards, societies, and other integral agencies of such organizations) under the authority of a religious body constituting a church or church denomination.

48.     Section 1.1402(c)-5(b)(2)(ii) of the Treasury regulations further provides that service performed by a minister in the control, conduct and maintenance of a religious organization relates to directing, managing, or promoting the activities of such organization. This section also provides that any religious organization is deemed to be under the authority of a religious body constituting a church or church denomination if it is organized and dedicated to carrying out the tenets and principles of a faith in accordance with either the requirements or sanctions governing the creation of institutions of the faith.  The term "religious organization" has the same meaning and application as is given to the term for income tax purposes.

49.     Section 1.1402(c)-5(b)(2)(iv) of the Treasury regulations also provides in relevant part that if a minister is performing service for an organization which is operated

Corrected Amended Complaint for Declaratory and Injunctive Relief

as an integral agency of a religious organization under the authority of a religious body constituting a church or church denomination, all service performed by the minister in the control, conduct, and maintenance of such organization is in the exercise of his ministry, including purely secular duties.

50.     Section 265(a)(6) of the Internal Revenue Code further allows a minister of the gospel to claim deductions under §§163 and 164 of the Revenue Code for residential mortgage interest and property taxes, even though the money used to pay such amounts was received from a church or other employer in the form of a tax-exempt §107 allowance.  Such "double-dipping" is disallowed for non-clergy taxpayers.

**THE FEDERAL AND STATE TAX BENEFITS
VIOLATE THE ESTABLISHMENT CLAUSE**

51.     Sections 107 and 265(a)(6) of the Revenue Code provide economic benefits for "ministers of the gospel" that are not provided to other taxpayers, including federal taxpayers who are plaintiff members of FFRF in the Eastern District of California.

52.     Sections 107 and 265(a)(6) were enacted by Congress to provide benefits to "ministers of the gospel" in circumstances not allowed to other taxpayers.

53.     Sections 107 and 265(a)(6), both on their face and as administered by the defendants Geithner and Shulman, violate the Establishment Clause of the First Amendment, and the defendants should be enjoined from any further allowance of such tax benefits to ministers of the gospel.

54.     The defendant Stanislaus similarly should be enjoined from allowing or granting tax benefits under §§ 17131.6 and 17280(d)(2) of the California Revenue and Taxation Code that are available only to ministers of the gospel.

55.     The actions of all the defendants have the effect each year of excluding
hundreds of millions of dollars from taxation, and this exclusion is available only to
ministers of the gospel.

56.     The tax benefits provided to "ministers of the gospel" under § 107 of the
Revenue Code are not equivalent to the "convenience of the employer" limitation
applicable to secular employees.

57.     The tax preferences afforded ministers of the gospel constitute an
exclusive and preferential subsidy to religion.

WHEREFORE, the Plaintiffs demand judgment as follows:

A.      Declaring that the actions of all defendants violate the Establishment
Clause of the First Amendment to the United States Constitution;

B.      Declaring that §§107 and 265(a)(6) of the Internal Revenue Code violate
the Establishment Clause of the First Amendment to the United States Constitution;

C.      Declaring that the provisions of the California Revenue and Taxation
Code that correspond to § §107 and 265(a)(6) of the Internal Revenue Code violate the
Establishment Clause of the First Amendment to the United States Constitution;

D.      Enjoining the defendants from continuing to grant or allow tax benefits
under §§107 and 265(a)(6) of the Internal Revenue Code and the corresponding sections
of the California Revenue and Taxation Code;

E.      Declaring that the defendant Stanislaus in administering and enforcing the
provisions of the California Revenue and Taxation Code that correspond to §§107 and
265(a)(6) of the Internal Revenue Code is acting under color of law and the plaintiffs are
entitled to prospective equitable relief and remedies under 42 U.S.C. §1983;

Corrected Amended Complaint for Declaratory and Injunctive Relief

11

1       F.     Awarding the Plaintiffs their reasonable costs, disbursements and

2   attorneys fees, as allowed by law, including pursuant to 42 U.S.C. §1988 and 28 U.S.C.

3   §2412; and

4       G.    Award such further relief is sought that the Court deems just and

5   equitable.

6       Dated this 21st day of June, 2010.

7                        */s/ Richard L. Bolton*

8                        Richard L. Bolton (SBN: 1012552)

9                        Boardman, Suhr, Curry & Field LLP

10                     One South Pinckney Street, 4th Floor

11                     P.O. Box 927

12                     Madison, Wisconsin  53701-0927

13                     *Pro Hac Vice*

14                     */s/ Michael A. Newdow*

15                     Michael A. Newdow (SBN: 220444)

16                     NEWDOWLAW

17                     P.O. Box 233345

18                     Sacramento, California  95623

19                     *Attorneys for Plaintiffs*

20

21

22

**CERTIFICATE OF SERVICE**

    IT IS HEREBY CERTIFIED that service of the foregoing Corrected Amended Complaint for Declaratory and Injunctive Relief has been made this 21st day of June, 2010 via the Court's CM/ECF system to:

| | |
|---|---|
| Jeremy N. Hendon | Jeremy.Hendon@usdoj.gov |
| Richard A. Schwartz | richard.a.schwartz@usdoj.gov |
| *Attorney for the United States of America* | |
| | |
| Kevin Snider | kevinsnider@pacificjustice.org |
| Matthew McReynolds | mattmcreynolds@pacificjustice.org |
| *Counsel for Amicus Curiae* | |
| | |
| Jill Bowers | jill.bowers@doj.ca.gov |
| *Counsel for Selvi Stanislaus* | |

                       */s Richard L. Bolton*
                       Richard L. Bolton
                       *Counsel for Plaintiffs*

Corrected Amended Complaint for Declaratory and Injunctive Relief