EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
WILLIAM L. CARTER, State Bar No. 59215
Supervising Deputy Attorney General
JILL BOWERS, State Bar No. 186196
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-1948
 Fax: (916) 327-2247
 E-mail: Jill.Bowers@doj.ca.gov
*Attorneys for Defendant Selvi Stanislaus*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.; PAUL STOREY; BILLY FERGUSON; KAREN BUCHANAN; JOSEPH MORROW; ANTHONY G. ARLEN; ELISABETH STEADMAN; CHARLES AND COLLETTE CRANNELL; MIKE OSBORNE; KRISTI CRAVEN; WILLIAM M. SHOCKLEY; PAUL ELLCESSOR; JOSEPH RITTELL; WENDY CORBY; PAT KELLEY; CAREY GOLDSTEIN; DEBORA SMITH; KATHY FIELDS; RICHARD MOORE; SUSAN ROBINSON; AND KEN NAHIGIAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**TIMOTHY GEITHNER, in his official capacity as Secretary of the United States Department of the Treasury; DOUGLAS SHULMAN, in his official capacity as Commissioner of the Internal Revenue Service; and SELVI STANISLAUS, in her official capacity as Executive Director of the California Franchise Tax Board,**<br><br>Defendants. | 2:09-CV-02894-WBS-DAD<br><br>**ANSWER TO CORRECTED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br><br><br>Judge:    The Hon. William B. Shubb<br>Trial Date:  October 25, 2011 |

Defendant Selvi Stanislaus, sued only in her official capacity as Executive Officer of the California Franchise Tax Board, in answer to the Corrected Amended Complaint for Declaratory and Injunctive Relief (Corrected Amended Complaint) filed by Plaintiffs Freedom From Religion Foundation, Inc.; Paul Storey; Billy Ferguson; Karen Buchanan; Joseph Morrow; Anthony G. Arlen; Elisabeth Steadman; Charles and Collette Crannell; Mike Osborne; Kristi Craven; William M. Shockley; Paul Ellcessor; Joseph Rittell; Wendy Corby; Pat Kelley; Carey Goldstein; Debora Smith; Kathy Fields; Richard Moore; Susan Robinson; and Ken Nahigian, admits, denies and avers as follows:

1.   Defendant denies the allegations in paragraph 1 of the Corrected Amended Complaint and further denies that Plaintiffs are entitled to the injunction requested or to any relief whatsoever.

2.   Defendant denies the allegations in paragraph 2 of the Corrected Amended Complaint.

3.   Defendant admits the allegations in paragraph 3 of the Corrected Amended Complaint.

4.   Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 4 of the Corrected Amended Complaint and on that basis denies them.

5.   In response to paragraph 5 of the Corrected Amended Complaint, and as set forth more fully in paragraph 2, *supra*, Defendant denies this Court's jurisdiction, but if jurisdiction lies then venue is proper in the United States District Court for the Eastern District of California.

6.   Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 6 of the Corrected Amended Complaint and on that basis denies them.

7.   Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 7 of the Corrected Amended Complaint and on that basis denies them.

8.   Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 8 of the Corrected Amended Complaint and on that basis denies them.

9.   Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 9 of the Corrected Amended Complaint and on that basis denies them.

10. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 10 of the Corrected Amended Complaint and on that basis denies them.

11  Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 11 of the Corrected Amended Complaint and on that basis denies them.

12. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 12 of the Corrected Amended Complaint and on that basis denies them.

13. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 13 of the Corrected Amended Complaint and on that basis denies them.

14. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 14 of the Corrected Amended Complaint and on that basis denies them.

15. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 15 of the Corrected Amended Complaint and on that basis denies them.

16. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 16 of the Corrected Amended Complaint and on that basis denies them.

17. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 17 of the Corrected Amended Complaint and on that basis denies them.

18. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 18 of the Corrected Amended Complaint and on that basis denies them.

19. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 19 of the Corrected Amended Complaint and on that basis denies them.

20. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 20 of the Corrected Amended Complaint and on that basis denies them.

21. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 21 of the Corrected Amended Complaint and on that basis denies them.

22. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 22 of the Corrected Amended Complaint and on that basis denies them.

23. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 23 of the Corrected Amended Complaint and on that basis denies them.

24. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 24 of the Corrected Amended Complaint and on that basis denies them.

25. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 25 of the Corrected Amended Complaint and on that basis denies them.

26. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 26 of the Corrected Amended Complaint and on that basis denies them.

27. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 27 of the Corrected Amended Complaint and on that basis denies them.

28. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 28 of the Corrected Amended Complaint and on that basis denies them.

29. Defendant admits the allegations in paragraph 29 of the Corrected Amended Complaint.

30. Defendant admits the allegations in paragraph 30 of the Corrected Amended Complaint.

31. Defendant admits the allegations in paragraph 31 of the Corrected Amended Complaint.

32. In response to paragraph 32 of the Corrected Amended Complaint, Defendant submits that the Establishment Clause speaks for itself.  U.S. Const., amend. I, cl. 1.

33. Defendant denies the allegations in paragraph 33 of the Corrected Amended Complaint.

34. Defendant denies the allegations in paragraph 34 of the Corrected Amended Complaint.

35. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 35 of the Corrected Amended Complaint and on that basis denies them.

36. Defendant denies the allegations in paragraph 36 of the Corrected Amended Complaint.

37. Defendant denies the allegations in paragraph 37 of the Corrected Amended Complaint.

1  38.  In response to paragraph 38 of the Corrected Amended Complaint, Defendant avers that California Revenue and Taxation Code sections 17131.6 and 17280(d)(2) were enacted in 2005 and 1987, respectively, to conform to federal legislation.  Cal. Rev. & Tax. Code § 17131.6, Stats. 1987, ch. 1138, p. 3922; Cal. Rev. & Tax Code § 17131.6, Stats. 2005, ch. 691, p. 12. Defendant denies any and all remaining allegations in paragraph 38.

39.  Defendant admits the allegations in paragraph 39 of the Corrected Amended Complaint.

40.  Defendant denies the allegations in paragraph 40 of the Corrected Amended Complaint.

41.  In response to paragraph 41 of the Corrected Amended Complaint, Defendant submits that section 107 of the Internal Revenue Code, Title 26, United States Code, section 107, speaks for itself.  26 U.S.C. § 107.

42.  In response to paragraph 42 of the Corrected Amended Complaint, Defendant submits that section 1.107-1(a) of the federal Income Tax Regulations speaks for itself.  26 C.F.R. § 1.07-1(a).

43.  Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 43 of the Corrected Amended Complaint and on that basis denies them.

44.  Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 44 of the Corrected Amended Complaint and on that basis denies them.

45.  Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 45 of the Corrected Amended Complaint and on that basis denies them.

46.  In response to paragraph 46 of the Corrected Amended Complaint, Defendant submits that the Treasury Regulations under 26 U.S.C. § 1402(c)(4) speak for themselves.

47.  In response to paragraph 47 of the Corrected Amended Complaint, Defendant submits that Treasury Regulations section 1.1402(c)-5(b)(2) speaks for itself.  26 C.F.R.§ 1402(c)-5(b)(2).

48.  In response to paragraph 48 of the Corrected Amended Complaint, Defendant submits that Treasury Regulations section 1.1402(c)-5(b)(2)(ii) speaks for itself.  26 C.F.R. § 1402(c)-5(b)(2)(ii).

49. In response to paragraph 49 of the Corrected Amended Complaint, Defendant submits that Treasury Regulations section 1.1402(c)-5(b)(2)(iv) speaks for itself. 26 C.F.R. § 1.1402(c)-5(b)(2)(iv).

50. In response to paragraph 50 of the Corrected Amended Complaint, Defendant submits that sections 107, 163, 164 and 265(a)(6) of the Internal Revenue Code speak for themselves. 26 U.S.C. §§ 107, 163, 165 and 265(a)(6). Defendant denies any and all remaining allegations in paragraph 50.

51. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 51 of the Corrected Amended Complaint and on that basis denies them.

52. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 52 of the Corrected Amended Complaint and on that basis denies them.

53. Defendant denies the allegations in paragraph 53 of the Corrected Amended Complaint.

54. Defendant denies the allegations in paragraph 54 of the Corrected Amended Complaint.

55. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 55 of the Corrected Amended Complaint and on that basis denies them.

56. Defendant lacks sufficient information or belief to admit or deny the allegations in paragraph 56 of the Corrected Amended Complaint and on that basis denies them.

57. Defendant denies the allegations in paragraph 57 of the Corrected Amended Complaint.

58. Defendant denies each and every allegation in the Corrected Amended Complaint not specifically admitted in paragraphs 1 through 57, *supra*.

59. Defendant answers Plaintiffs' demand for judgment set out at pages 11:9 through 12:5 of the Corrected Amended Complaint, as follows:

   A. Defendant denies that Plaintiffs are entitled to the declaratory relief demanded or to any relief whatsoever;

B. Defendant denies that Plaintiffs are entitled to the declaratory relief demanded or to any relief whatsoever;

C. Defendant denies that Plaintiffs are entitled to the declaratory relief demanded or to any relief whatsoever;

D. Defendant denies that Plaintiffs are entitled to the injunctive relief demanded or to any relief whatsover;

E. Defendant denies that Plaintiffs are entitled to the declaratory and prospective equitable relief demanded or to any relief whatsoever;

F. Defendant denies that Plaintiffs are entitled to an award of costs, disbursements and attorneys fees, or to any relief whatsoever; and,

G. Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

**I. FIRST AFFIRMATIVE DEFENSE**

This court lacks jurisdiction over Plaintiffs' claims against Defendant.

**II. SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendant are barred by sovereign immunity.

**III. THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendant are barred by the Eleventh Amendment.

**IV. FOURTH AFFIRMATIVE DEFENSE**

Defendant is not amenable to suit under 42 U.S.C. § 1983.

**V. FIFTH AFFIRMATIVE DEFENSE**

Defendant is entitled to qualified immunity against Plaintiffs' claims.

**VI. SIXTH AFFIRMATIVE DEFENSE**

Comity considerations preclude this Court's exercise of adjudicatory authority over Plaintiffs' claims against Defendant, because an adequate state-court forum is available to hear and decide Plaintiffs' claims.

/ / /

VII. **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to sue Defendant.

VIII. **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendant are not ripe for adjudication.

IX. **NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted under the Establishment Clause of the First Amendment to the United States Constitution, 42 U.S.C. § 1983, or for any cause whatsoever. U.S. Const., amend. I, cl. 1.

## PRAYER FOR RELIEF

WHEREFORE DEFENDANT PRAYS:

A. That Plaintiffs' Corrected Amended Complaint for Declaratory and Injunctive Relief be denied in full;

B. That Plaintiffs' demand for declaratory and injunctive relief, or for any relief whatsoever, be denied;

C. That Plaintiffs' take nothing by their Complaint;

D. That Defendant be awarded her reasonable costs, disbursements and attorneys' fees; and,

E. That Defendant be awarded such different and additional relief as this Court deems just and equitable.

Dated:  June 30, 2010                                      Respectfully Submitted,

EDMUND G. BROWN JR.
Attorney General of California
WILLIAM L. CARTER
Supervising Deputy Attorney General

*/s/ Jill Bowers*

JILL BOWERS
Deputy Attorney General
*Attorneys for Defendant Selvi Stanislaus*

SA2010100223                                                                                          10583736.doc

7

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Freedom from Religion Foundation, Inc., et al. v. Timothy Geithner, et al.** | No. | **2:09-CV-02894-WBS-DAD** |

I hereby certify that on <u>July 1, 2010</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER TO CORRECTED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>July 1, 2010</u>, at Sacramento, California.

| | |
|---|---|
| Michele Warburton | */s/ Michele Warburton* |
| Declarant | Signature |

10587646.doc