BENJAMIN B. WAGNER
United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814

JEREMY N. HENDON
RICHARD A. SCHWARTZ
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-2466
Facsimile:  (202) 307-0054
Email: Jeremy.Hendon@usdoj.gov
       Richard.A.Schwartz@usdoj.gov
       Western.Taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC.; PAUL STOREY; BILLY FERGUSON; KAREN BUCHANAN; JOSEPH MORROW; ANTHONY G. ARLEN; ELISABETH STEADMAN; CHARLES AND COLLETTE CRANNELL; MIKE OSBORNE; KRISTI CRAVEN; WILLIAM M. SHOCKLEY; PAUL ELLCESSOR; JOSEPH RITTELL; WENDY CORBY; PAT KELLEY; CAREY GOLDSTEIN; DEBORA SMITH; KATHY FIELDS; RICHARD MOORE; SUSAN ROBINSON; AND KEN NAHIGIAN, <br><br> Plaintiffs, <br><br> v. <br><br> TIMOTHY GEITHNER, in his official capacity as Secretary of the United States Department of the Treasury; DOUGLAS SHULMAN, in his official capacity as Commissioner of the Internal Revenue Service; and SELVI STANISLAUS, in her official capacity as Executive Officer of the California Franchise Tax Board, <br><br> Defendants. | Civil No. 2:09-CV-02894-WBS-DAD <br><br> **UNITED STATES' ANSWER** |

The United States of America[1] (the "United States"), by and through its undersigned counsel, hereby answers the Plaintiffs' Corrected Amended Complaint for Declaratory and Injunctive Relief ("complaint"). In response to the specific numbered paragraphs contained in the complaint, the United States admits, denies and alleges as follows, and respectfully denies each and every allegation contained in the complaint that is not expressly admitted below. To the extent that the United States lacks knowledge sufficient to form a belief as to the truth of averments set forth in the complaint, such averments are denied. See Fed. R. Civ. P. 8(b).

1. The United States admits that Plaintiffs seek relief as described in paragraph 1 of the complaint, but deny that Plaintiffs may seek any relief with respect to 26 U.S.C. § 265(a)(6).

2. The United States admits this Court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and that 28 U.S.C. § 2201 provides the Court with authority to issue declaratory judgments, but denies that this Court has jurisdiction with respect to the relief sought against the federal defendants, denies that 28 U.S.C. § 1343 provides authority for the Court to award injunctive relief against the federal defendants, denies that Fed. R. Civ. P. 65 provides authority for the Court to award the injunctive relief Plaintiffs seek, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the complaint.

3. The allegations in paragraph 3 of the complaint contain a legal conclusion to which no response is required. To the extent a response is required, however, the United States admits the allegations in paragraph 3 of the complaint.

4. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint.

5. The United States is without knowledge or information sufficient to form a belief as

---

[1] Plaintiffs named Timothy Geithner, in his official capacity as the Secretary of United States Department of Treasury, and Douglas Shulman, in his official capacity as Commissioner of the Internal Revenue Service, as defendants. See Complaint, 1. It is well established that such a suit, one against a federal employee in his official capacity, is essentially a suit against the United States. See Dugan v. Rank, 372 U.S. 609 (1962); Atkinson v. O'Neil, 867 F.2d 589, 590 (10th Cir. 1989); Burgos v. Milton, 709 F.2d 1 (1st Cir. 1983); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). Thus, the proper federal defendant is the United States of America.

UNITED STATES' ANSWER              -1-

to the truth of the allegations in paragraph 5 of the complaint.

    6.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

    7.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

    8.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

    9-28.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in each of the paragraphs 9 through 28 of the complaint.

    29.    The United States admits the allegations in paragraph 29 of the complaint.

    30.    The United States admits the allegations in paragraph 30 of the complaint.

    31.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the complaint.

    32.    The United States admits the allegations in paragraph 32 of the complaint but also avers that the First Amendment to the United States Constitution provides that Congress shall make no law prohibiting the free exercise of religion.

    33.    The allegations in paragraph 33 of the complaint contain a legal conclusion to which no response is required.  To the extent a response is required, however, the United States denies those allegations.

    34.    The allegations in paragraph 34 of the complaint contain legal conclusions to which no response is required.  To the extent a response is required, however, the United States denies those allegations.

    35.    The allegations in paragraph 35 of the complaint contain legal conclusions to which no response is required.  To the extent a response is required, however, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 35 of the complaint, and denies the allegations in the second sentence of paragraph 35 of the complaint.

UNITED STATES' ANSWER    -2-

36. The allegations in paragraph 36 of the complaint contain a legal conclusion to which no response is required. To the extent a response is required, however, the United States denies those allegations.

37. The allegations in paragraph 37 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations.

38. The allegations in paragraph 38 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations..

39. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

40. The allegations in paragraph 40 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations.

41. The United States admits the allegations in paragraph 41 of the complaint.

42. The United States denies that the quoted language included in paragraph 42 of the complaint from § 1.107-1(a) of the Treasury Regulations is transcribed accurately and that the quoted language included in paragraph 42 of the complaint comprises all of the language of § 1.107-1(a) of the Treasury Regulations and instead avers that the language of the quoted regulation speaks for itself.

43. The allegations in paragraph 43 of the complaint contain a legal conclusion to which no response is required. To the extent a response is required, however, the United States admits that neither § 107 nor § 1.107-1 contains explicit limits on who may be a minister of the gospel, but further avers that §1.107-1 of the Treasury Regulations states that the rules contained in § 1.1402(c)-5 of the Treasury Regulations will be applicable, which require that a minister of the gospel be "duly ordained, commissioned, or licensed."

44. The allegations in paragraph 44 of the complaint contain legal conclusions to which

UNITED STATES' ANSWER            -3-

no response is required. To the extent a response is required, however, the United States avers that the Treasury regulations do not define the terms "duly ordained, commissioned, or licensed," and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the complaint.

45. The United States admits the allegations in paragraph 45 of the complaint.

46. The United States admits the allegations in paragraph 46 of the complaint.

47. The United States admits the allegations in paragraph 47 of the complaint.

48. The United States admits the allegations in paragraph 48 of the complaint.

49. The allegations in paragraph 49 of the complaint contain a legal conclusion to which no response is required. To the extent a response is required, however, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegation that Section 1.1402(c)-5(b)(2)(iv) encompasses "purely secular duties," but admits all other allegations in paragraph 49 of the complaint.

50. The allegations contained in paragraph 50 in the complaint relate to a claim for relief that has been dismissed by the Court, and therefore no response is required. To the extent that a response is required, the United States admits the allegations of the first sentence of paragraph 50 of the complaint, and denies the allegations of the second sentence of paragraph 50 of the complaint.

51. The allegations in paragraph 51 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations.

52. The allegations in paragraph 52 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States denies those allegations.

53. The allegations in paragraph 53 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States denies those allegations.

54. The allegations in paragraph 54 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States is without

UNITED STATES' ANSWER            -4-

knowledge or information sufficient to form a belief as to the truth of those allegations.

55. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the complaint.

56. The allegations in paragraph 56 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations.

57. The allegations in paragraph 57 of the complaint contain legal conclusions to which no response is required. To the extent a response is required, however, the United States denies those allegations.

WHEREFORE the United States respectfully requests that this Court deny the relief requested in the complaint and grant any other relief to which the United States may be entitled.

Respectfully submitted this 14th day of July, 2010.

        BENJAMIN B. WAGNER
        United States Attorney

By:   /s/ Richard A. Schwartz

      JEREMY N. HENDON
      RICHARD A. SCHWARTZ
      Trial Attorneys, Tax Division
      U.S. Department of Justice
      P.O. Box 683
      Ben Franklin Station
      Washington, D.C. 20044
      Telephone: (202) 353-2466
      Telephone: (202) 307-6322

UNITED STATES' ANSWER      -5-

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing **UNITED STATES' ANSWER** has been made this 14th day of July, 2010 via the Court's CM/ECF system to:

| | |
|---|---|
| Michael Newdow | NewdowLaw@gmail.com |
| Richard L. Bolton | rbolton@boardmanlawfirm.com |
| *Counsel for Plaintiffs* | |
| | |
| Kevin Snider | kevinsnider@pacificjustice.org |
| Matthew McReynolds | mattmcreynolds@pacificjustice.org |
| *Counsel for Amicus Curiae* | |
| | |
| Jill Bowers | jill.bowers@doj.ca.gov |
| *Counsel for Selvi Stanislaus* | |

/s/ Richard A. Schwartz
JEREMY N. HENDON
RICHARD A. SCHWARTZ
Trial Attorneys, Tax Division
U.S. Department of Justice

UNITED STATES' ANSWER          -6-