UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC.; PAUL STOREY; BILLY FERGUSON; KAREN BUCHANAN; JOSEPH MORROW; ANTHONY G. ARLEN; ELISABETH STEADMAN; CHARLES AND COLLETTE CRANNELL; MIKE OSBORNE; KRISTI CRAVEN; WILLIAM M. SHOCKLEY; PAUL ELLCESSOR; JOSEPH RITTELL; WENDY CORBY; PAT KELLEY; CAREY GOLDSTIEN; DEBORA SMITH; KATHY FIELDS; RICHARD MOORE; SUSAN ROBINSON; AND KEN NAHAGIAN, <br><br>    Plaintiffs, <br><br>    v. <br><br>TIMOTHY GEITHNER, in his official capacity as Secretary of the United States Department of the Treasury; DOUGLAS SHULMAN, in his official capacity as Commissioner of the Internal Revenue Service; and SELVI STANISLAUS, in her official capacity as Executive Officer of the California Franchise Tax Board, <br><br>    Defendants. | NO. CIV. 2:09-2894 WBS DAD <br><br> <u>ORDER RE: JOINT MOTION TO STAY</u> |

1

1        Presently before the court is the parties' joint motion to stay the instant action pending the Supreme Court's decision in the appeal of <u>Arizona Christian School Tuition Organization v. Winn</u>, --- U.S. ----, 130 S. Ct. 3350 (2010).  The court, having reviewed the joint motion, finds no need for oral argument on the matter.  Courts have the power to stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  This power extends to stays pending other judicial proceedings, and does not require the issues in such proceedings to be necessarily controlling of the action before the court.  <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979).

         In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship to the parties if the suit is allowed to go forward; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).  "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims."  <u>Leyva</u>, 593 F.2d at 864.

         A stay in this case would benefit the "orderly course of justice."  <u>CMAX</u>, 300 F.2d at 268.  The instant case involves

an Establishment Clause challenge to certain tax exemptions, and taxpayer standing is at issue. A ruling in <u>Arizona Christian School</u> would therefore assist this court in that it could change or clarify the law regarding taxpayer standing, which could alter or limit the need for further argument on the matter in this case.

Considering that all parties have joined in this motion because they believe that a stay may allow them to limit the relevant issues in discovery after <u>Arizona Christian School</u> is decided and could avoid the expenditure of unnecessary discovery costs, the court finds that no hardship is likely to result from a stay, and that the parties would be burdened by potentially unnecessary discovery costs if a stay were not granted.

The Supreme Court heard oral argument in <u>Arizona Christian Schools</u> on November 3, 2010, and will decide the matter no later than at the end of the 2010 term. The stay of the action will thus conclude within a reasonable period of time.

IT IS THEREFORE ORDERED that the parties' joint motion to stay the action pending the Supreme Court's decision in <u>Arizona Christian School Tuition Organization v. Winn</u>, --- U.S. ----, 130 S. Ct. 3350 (2010), be, and the same hereby is, GRANTED. No later than ten days following the issuance of the Supreme Court's decision, the parties shall file a joint status report with the court.

DATED: February 11, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3