Kamala D. Harris, State Bar No. 146672
Attorney General of California
William L. Carter, State Bar No. 59215
Supervising Deputy Attorney General
Jill Bowers, State Bar No. 186196
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-1948
 Fax: (916) 327-2247
 E-mail: Jill.Bowers@doj.ca.gov
*Attorneys for Defendant Selvi Stanislaus*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.; PAUL STOREY; BILLY FERGUSON; KAREN BUCHANAN; JOSEPH MORROW; ANTHONY G. ARLEN; ELISABETH STEADMAN; CHARLES AND COLLETTE CRANNELL; MIKE OSBORNE; KRISTI CRAVEN; WILLIAM M. SHOCKLEY; PAUL ELLCESSOR; JOSEPH RITTELL; WENDY CORBY; PAT KELLEY; CAREY GOLDSTEIN; DEBORA SMITH; KATHY FIELDS; RICHARD MOORE; SUSAN ROBINSON; AND KEN NAHIGIAN,**<br><br>      Plaintiffs,<br><br>v.<br><br>**TIMOTHY GEITHNER, in his official capacity as Secretary of the United States Department of the Treasury; DOUGLAS SHULMAN, in his official capacity as Commissioner of the Internal Revenue Service; and SELVI STANISLAUS, in her official capacity as Executive Director of the California Franchise Tax Board,**<br><br>      Defendants. | Case No. 2:09-CV-02894-WBS-DAD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT SELVI STANISLAUS FOR JUDGMENT ON THE PLEADINGS**<br><br><br>Date:   July 18, 2011<br>Time:   2:00 p.m.<br>Courtroom: 5<br>Judge:   The Hon. William B. Shubb<br><br>Trial Date: October 25, 2011<br>Action Filed: October 16, 2009 |

1

Defendant Selvi Stanislaus (Stanislaus), sued only in her official capacity as Executive Officer of the State of California Franchise Tax Board, submits this Memorandum of Points and Authorities in support of her Motion for Judgment on the Pleadings (Motion) in her favor and against Plaintiffs Freedom From Religion Foundation, Inc. (FFRF), and its members Paul Storey, Billy Ferguson, Karen Buchanan, Joseph Morrow, Anthony G. Arlen, Elisabeth Steadman, Charles and Collette Crannell, Mike Osborne, Kristi Craven, William M. Shockley, Paul Ellcessor, Joseph Rittell, Wendy Corby, Pat Kelley, Carey Goldstein, Debora Smith, Kathy Fields, Richard Moore, Susan Robinson, and Ken Nahigian.

## INTRODUCTION

Judgment should be entered in favor of Stanislaus and against Plaintiffs' Establishment Clause challenge to her enforcement of California Revenue and Taxation Code sections 17131.6 and 17280(d)(2) because Plaintiffs lack taxpayer standing to sue. *Arizona Christian School Tuition Organization v. Winn,* __ U.S. __, 131 S.Ct. 1436 (2011) (holding that state taxpayers lacked standing to challenge state tax credit for private donations to school tuition organizations); U.S. Const., art. III, § 2, and amend I; Fed. R. Civ. P. 12(c).

## STATEMENT OF THE FACTS

Plaintiff FFRF "is a non-profit membership organization that advocates for the separation of church and state and educates on matters of non-theism[,]" having members "in every state of the United States, including more than 2,200 members in the State of California." Corrected Amended Complaint for Declaratory and Injunctive Relief (CAC), p. 2:2-5 (Jun. 21, 2010). Each of the 21 individual Plaintiffs alleges that he or she "is an adult individual who is a member of FFRF and a … California taxpayer who resides in the Eastern District of California[,]" and "is opposed to government endorsement of religion, including preferential and exclusive tax benefits for religious organizations and ministers of the gospel." CAC, p.2:11-5:22.

Defendant Stanislaus is sued only in her official capacity as Executive Officer of the State of California Franchise Tax Board (FTB). CAC, p.6:6-8. See, Cal. Gov. Code § 15701 (defining "Executive Officer" of the Franchise Tax Board). The FTB is a state agency. Cal. Gov. Code § 15700.

California Revenue and Taxation Code Section 17131.6 states:

> Section 107 of the Internal Revenue Code is modified by substituting in paragraph (2) the phrase "the rental allowance paid to him or her as part of his or her compensation, to the extent used by him or her to rent or provide a home" in lieu of the phrase "the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home and to the extent such allowance does not exceed the fair rental value of the home, including furnishings and appurtenances such as a garage, plus the cost of utilities" contained therein.

Cal. Rev. & Tax. Code § 17131.6. Section 107 of the Internal Revenue Code generally excludes a minister's rental allowance from gross income. 26 U.S.C. § 107. Thus, section 17131.6 creates a state tax exemption from gross income for a minister's home rental allowance that is analogous to the federal exemption created by section 107.

California Revenue and Taxation Code Section 17280(d)(2) states that "[n]o deduction shall be denied under this section for interest on a mortgage on, or real property taxes on, the home of the taxpayer by reason of the receipt of … [a] parsonage allowance excludable from gross income under Section 107 of the Internal Revenue Code." Cal. Rev. & Tax. Code § 17280(d)(2). Thus section 17280(d)(2) creates a mortgage interest and real property tax deduction for ministers without regard to whether the taxpayer receives a parsonage allowance that is excludable from gross income under section 107.[1] This deduction is analogous to that created by section 265(a)(6) of the Internal Revenue Code. 26 U.S.C. § 265(a)(6) (allowing ministers to claim personal income tax deductions for mortgage interest and property tax payments even if the money used to pay those expenses was received in the form of a tax-exempt section 107 allowance).[2]

## STATEMENT OF THE CASE

Plaintiffs filed their CAC on June 21, 2010, alleging that California Revenue and Taxation Code sections 17131.6 and 17280(d)(2) "both on their face and as administered by the California Franchise Tax Board, under the direction of the defendant Selvi Stanislaus, … violate the

---

[1] References in this Memorandum to sections 107 and 265(a)(6) refer to these sections of Title 26 of the United States Code (the Internal Revenue Code).

[2] References in this Memorandum to sections 17131.6 and 17280(d)(2) refer to these sections of the California Revenue and Taxation Code.

Establishment Clause of the First Amendment to the United States Constitution."[3] CAC, p. 7:9-12. Plaintiffs ask this Court to declare that "in administering and enforcing" these California statutes, Stanislaus "is acting under color of law and the [P]laintiffs are entitled to prospective equitable relief and remedies under 42 U.S.C. § 1983[.]" CAC, p. 11:20-23. Plaintiffs also ask this Court to enjoin Stanislaus "from continuing to grant or allow tax benefits" under sections 17131.6 and 17290(d)(2). CAC, p.11:17-19.

On July 1, 2010, Stanislaus filed her Answer to the CAC, preserving among her affirmative defenses her objection to Plaintiffs' lawsuit on the grounds of lack of standing. Answer to Corrected Amended Complaint (Answer), p. 7:1-2 (Jul. 1, 2010).

On January 1, 2011, the Parties filed a Joint Motion for Stay of Proceedings (Joint Motion), asking to stay further proceedings in this case pending the decision of the Supreme Court of the United States in *Arizona Christian School Tuition Organization v. Winn*, a case that directly involved the issue whether a plaintiff, by virtue of his or her taxpayer status, had standing to challenge government action allegedly in violation of the Establishment Clause when the challenged government action was a tax credit that benefits religious schools. On February 14, 2011, the Court granted the Joint Motion and directed the Parties to file a joint status report "[n]o later than ten days following the issuance of the Supreme Court's decision." Order Re: Joint Motion to Stay, p. 3:22-24 (Feb. 14, 2011).

On April 4, 2011, the Supreme Court issued its decision in *Arizona Christian School Tuition Organization v. Winn*, ___U.S. ___, 131 S.Ct. 1436 (2011) (*Ariz. Christian STO*).[4] On April 8, 2011, the Parties filed a Joint Status Report and asked the Court to set a briefing schedule

---

[3] On May 21, 2010, this Court granted Stanislaus's motion to dismiss the original Complaint (filed October 16, 2009) with respect to Plaintiffs' claim challenging section 17280(d)(2). Memorandum and Order Re: Motions to Dismiss (Mem. and Order), pp. 25:23-28:10 (May 21, 2010). The Court held that section 17280(d)(2), like its federal counterpart section 265(a)(6) of the Internal Revenue Code, survived Establishment Clause scrutiny under the three-part test established by the Supreme Court of the United States in *Lemon v. Kurtzman*, 403 U.S. 602 (1971). U.S. Const., amend. I. The Court found that section 17280(d)(2) has a secular purpose, that is, to encourage ministers to purchase homes (Mem. and Order, p. 26:3-7); that the legislative intent in enacting the statute was to give ministers "the same incentive as every other American to purchase a home" (*id.* at p. 27:8-9); and that the statute does not foster excessive governmental entanglement with religion (*id.* at p. 27:21-23).

[4] A copy of this decision is attached as Exhibit 1.

1  to permit Defendants to be heard on the question whether this case should be dismissed under
2  *Arizona Christian School Tuition Organization*.  On April 21, 2011, the Court issued an Order
3  granting the Parties' request "and continu[ing] the stay of all other proceedings in this case until
4  the forthcoming motions are resolved."  Order, p. 2:24-26 (Apr. 21, 2011).  By this Motion,
5  Stanislaus denies the allegations in the CAC and moves for judgment in her favor and against
6  Plaintiffs on the grounds that Plaintiffs lack taxpayer standing.  *Ariz. Christian STO, supra*, 131
7  S.Ct. 1436 Fed. R. Civ. P. 12(c).

## DISCUSSION

### JUDGMENT SHOULD BE ENTERED IN FAVOR OF STANISLAUS AND AGAINST PLAINTIFFS BECAUSE PLAINTIFFS LACK TAXPAYER STANDING.

11  Judgment should be entered in favor of Stanislaus and against Plaintiffs because Plaintiffs
12  cannot show that their suit falls within the "narrow exception" to "the general rule against
13  taxpayer standing" established by *Flast v. Cohen*, 392 U.S. 83 (1968) (*Flast*).  *Ariz. Christian
14  STO, supra,* 131 S.Ct. at 1445.  The *Arizona Christian STO* court clarified that under *Flast*
15  "taxpayers have standing when two conditions are met."  *Id.*  First, "there must be a logical link
16  between the plaintiff's taxpayer status and the type of legislative enactment attacked."  *Id.*,
17  quoting *Flast*, 392 U.S. at 102 (internal quotation marks omitted).  This condition was satisfied in
18  *Flast* by the allegation "that the Federal Government violated the Establishment Clause in the
19  exercise of its legislative authority both to collect and spend tax dollars."  *Id.* citing *Flast*, 392
20  U.S. at 103.  "In the decades since *Flast*, the Court has been careful to enforce this requirement."
21  *Id.*
22  Second, "there must be a nexus between the plaintiff's taxpayer status and the precise
23  nature of the constitutional infringement alleged."  *Ariz. Christian STO, supra,* 131 S.Ct. at 1445,
24  quoting *Flast*, 392 U.S. at 102 (internal quotation marks omitted).  "This condition was deemed
25  satisfied in *Flast* based on the allegation that Government funds had been spent on an outlay for
26  religion in contravention of the Establishment Clause."  *Id.* citing *Flast*, 392 U.S. at 82-86.  The
27  *Arizona Christian STO* court clarified that under the two conditions established in *Flast*,
28  "individuals suffer a particular injury for standing purposes when, in violation of the

5

Establishment Clause and by means of the taxing and spending power, their property is transferred through the Government's Treasury to a sectarian entity[:]"

> The taxpayer's allegation in such cases would be that his tax money is being extracted and spent in violation of specific constitutional protections against such abuses of legislative power. *Flast* thus understood the injury alleged in Establishment Clause challenges to federal spending to be the very extraction and spending of tax money in aid of religion … Such an injury … is unlike generalized grievances about the conduct of government and so is appropriate for judicial redress.

*Id.* at 1445-46, quoting *Flast*, *passim*, and *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 348 (2006) (internal quotation marks omitted).

Plaintiffs lack standing in this case because they cannot satisfy the first condition for taxpayer standing under *Flast*. Plaintiffs, like the taxpayers in *Ariz. Christian STO*, cannot establish a logical link between their status as taxpayers and California Revenue and Taxation Code sections 17131.6 and 17280(d)(2), because the exemption and deduction respectively permitted by these statutes are not an exercise of the state's power to collect and spend taxes.

While recognizing "that tax credits and governmental expenditures can have similar economic consequences, at least for beneficiaries whose tax liability is sufficiently large to take full advantage of the credit[,]" the *Ariz. Christian STO* court nevertheless held that "tax credits and governmental expenditures do not both implicate individual taxpayers in sectarian activities." *Ariz. Christian STO, supra,* 131 S.Ct. at p. 1447. Like the Arizona tax credit challenged in *Ariz. Christian STO*, the California tax exemption and deduction challenged here do not "extract" funds from a dissenting taxpayer and "spend" them in violation of the dissenter's conscience. *Id*. "When the government declines to impose a tax … there is no such connection between dissenting taxpayer and alleged establishment." *Id.*  "Any financial injury remains speculative" because permitting some citizens a tax exemption or deduction, like the tax credit permitted in *Ariz. Christian STO,* "allows other citizens to retain control over their own funds in accordance with their own consciences." *Id.*

Plaintiffs' claim of taxpayer standing also fails as to the second *Flast* condition. Plaintiffs cannot satisfy the requirements of causation and redressability because the challenged tax exemption and deduction permitted by sections 17131.6 and 17280(d)(2) do not show a state

decision to extract money from dissenters and contribute it to sectarian causes.  An injunction against these statutes would not affect taxpayers ineligible to claim the challenged exemption and deduction or their tax payments.  "As a result, any injury suffered by [Plaintiffs] would not be remedied by an injunction[.]"  *Ariz. Christian STO*, *supra*, 131 S.Ct. at p.

Plaintiffs lack taxpayer standing to sue Stanislaus.  Stanislaus's Motion should therefore be granted and judgment entered in her favor and against Plaintiffs.

## CONCLUSION

For the foregoing reasons, Defendant Selvi Stanislaus's Motion should be granted and judgment entered in favor of Defendant and against Plaintiffs.

Dated:  May 27, 2011                                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
WILLIAM L. CARTER
Supervising Deputy Attorney General

**/s/ *Jill Bowers***

JILL BOWERS
Deputy Attorney General
*Attorneys for Defendant Selvi Stanislaus*

SA2010100223
10705591.doc