UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC.; et al., | No. 09-17753 |
| Plaintiffs - Appellees, | D.C. No. 2:09-cv-02894-WBS-DAD U.S. District Court for Eastern California, Sacramento |
| v. | |
| TIMOTHY GEITHNER, Secretary, U.D. Dept. of the Treasury; et al., | **MANDATE** |
| Defendants - Appellees, | |
| MICHAEL RODGERS, Pastor, | |
| Defendant-intervenor - Appellant. | |

The judgment of this Court, entered May 09, 2011, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Theresa Benitez
Deputy Clerk

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

FREEDOM FROM RELIGION
FOUNDATION, INC.; PAUL STOREY;
BILLY FERGUSON; KAREN
BUCHANAN; JOSEPH MORROW;
ANTHONY ARLEN; ELISABETH
STEADMAN; WILLIAM M. SHOCKLEY;
CHARLES CRANNELL; COLLETTE
CRANNELL; MIKE OSBORNE; KRISTI
CRAVEN; PAUL ELLCESSOR; JOSEPH
RITTELL; WENDY CORBY; PAT
KELLEY; CAREY GOLDSTEIN; DEBORA
SMITH; KATHY FIELDS; RICHARD
MOORE; SUSAN ROBINSON; KEN
NAHIGAN,
         *Plaintiffs-Appellees,*

v.

TIMOTHY GEITHNER, Secretary, U.D.
Dept. of the Treasury; DOUGLAS
SHULMAN, Commissioner, IRS;
SELVI STANISLAUS, Executive
Officer of the California Franchise
Tax Board; UNITED STATES OF
AMERICA,
         *Defendants-Appellees,*

MICHAEL RODGERS, Pastor,
     *Defendant-intervenor-Appellant.*

No. 09-17753

D.C. No.
2:09-cv-02894-
WBS-DAD

OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

6133

6134        Freedom from Religion Foundation v. Rodgers

Argued and Submitted
February 14, 2011—San Francisco, California

Filed May 9, 2011

Before: Diarmuid F. O'Scannlain and Stephen S. Trott,
Circuit Judges, and Tena Campbell, District Judge.*

Opinion by Judge O'Scannlain

---

*The Honorable Tena Campbell, Senior United States District Judge for the District of Utah, sitting by designation.

## COUNSEL

Kevin T. Snider, Pacific Justice Institute, Sacramento, California, argued the cause and filed the briefs for the appellant. With him on the briefs was Matthew B. McReynolds, Sacramento, California.

Ivan C. Dale, Department of Justice, Tax Division, Washington, D.C., argued the cause and filed a brief for the appellees. With him on the briefs were John A. DiCicco, Acting Assis-

Case: 09-17753   05/09/2011   Page: 4 of 12   ID: 7744146   DktEntry: 30-1
Case 2:09-cv-02894-WBS-DAD   Document 89   Filed 07/05/11   Page 5 of 13

FREEDOM FROM RELIGION FOUNDATION v. RODGERS     6137

tant Attorney General, Gilbert S. Rothenberg, Acting Deputy Assistant Attorney General, and Teresa E. McLaughlin, Department of Justice, Tax Division.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether an individual who claims certain federal and state tax exemptions may intervene in an unrelated action challenging the constitutionality of those exemptions.

I

The Freedom from Religion Foundation, Inc. ("FFRF") sued the Secretary of the Treasury and the Commissioner of the Internal Revenue Service in their official capacities under 28 U.S.C. § 2201, alleging that the so-called "parsonage exemption" violates the Establishment Clause of the United States Constitution.[1] FFRF also sued the Executive Officer of

---

[1] The federal parsonage exemption is provided by sections 107 and 265(a)(6) of the Internal Revenue Code. Section 107 provides:

> In the case of a minister of the gospel, gross income does not include— (1) the rental value of a home furnished to him as part of his compensation; or (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home and to the extent such allowance does not exceed the fair rental value of the home, including furnishings and appurtenances such as a garage, plus the cost of utilities.

26 U.S.C. § 107. Section 265(a)(6) provides:

> No deduction shall be denied under this section for interest on a mortgage on, or real property taxes on, the home of the taxpayer by reason of the receipt of an amount as— . . . (B) a parsonage allowance excludable from gross income under section 107.

26 U.S.C. § 265(a)(6).

the California Franchise Tax Board ("CFTB") in his official capacity under 42 U.S.C. § 1983, alleging that California's parsonage exemption violates the Establishment Clause of both the United States and California Constitutions.[2] The challenged statutes allow "minister[s] of the gospel" to exclude their rental allowance, or the rental value of any home furnished to them as part of their compensation, from gross income. 26 U.S.C. § 107. FFRF seeks a declaration that the challenged statutes are unconstitutional and an injunction forbidding the defendants from "continuing to grant or allow tax benefits under sections 107 and 265(a)(6) of the Internal Revenue Code and the corresponding sections of the California Revenue and Taxation Code."

Six days after FFRF filed its complaint, Pastor Michael Rodgers, a minister of the gospel in the Sacramento area who regularly claims both the federal and state parsonage exemptions, moved to intervene as a defendant on behalf of himself and Does 1-100—ministers within the jurisdiction of the Eastern District of California. Rodgers sought to intervene both as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), and permissively, pursuant to Rule 24(b)(1)(B). The federal defendants opposed the motion, and the district court denied Rodgers's motion both for intervention as of right and for permissive intervention.

Rodgers timely appeals.

## II

We review a denial of a motion to intervene as of right de novo. *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

---

[2]The California parsonage exemption is provided by sections 17131.6 and 17280(d)(2) of the California Revenue & Tax Code. These statutes largely mirror their federal counterparts.

FREEDOM FROM RELIGION FOUNDATION v. RODGERS     6139

Federal Rule of Civil Procedure 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

We have summarized the requirements of intervention as of right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). Although Rule 24(a)(2) is construed broadly in favor of intervenors, *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc), the applicant bears the burden of showing that each of the four elements is met, *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). "Failure to satisfy any one of the requirements is fatal to the application." *Perry*, 587 F.3d at 950. Because we agree with the district court's conclusion that the government adequately represents Rodgers's interests, we need not discuss the first three requirements.[3]

---

[3] We note, however, our agreement with the district court's conclusion that Rodgers's motion was timely, that he has a "significantly protectable interest," and that he is so situated that the disposition of the action may impair his ability to protect his interest.

Case: 09-17753  05/09/2011  Page: 7 of 12  ID: 7744146  DktEntry: 30-1
Case 2:09-cv-02894-WBS-DAD   Document 89   Filed 07/05/11   Page 8 of 13

6140	Freedom from Religion Foundation v. Rodgers

### A

**[1]** "Where the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies." *Perry*, 587 F.3d at 951 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). This presumption of adequacy is "nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment." *Lockyer*, 450 F.3d at 444. Here, the federal defendants have demonstrated that their ultimate objective is to uphold the constitutionality of the challenged statutes. In their motion to dismiss, the federal defendants argued, inter alia, that "[s]ections 107 and 265(a)(6) constitute constitutional accommodations of religious practice by eliminating discrimination between ministers and similarly situated taxpayers. Sections 107 and 265(a)(6) are part of a governmental policy of neutrality toward religion, and government neither advances nor inhibits religious practice through these provisions." Rodgers has presented no evidence that would lead us to doubt that the federal defendants' ultimate objective is to uphold the challenged statutes. Accordingly, we are satisfied that Rodgers and the federal defendants have the same ultimate objective and that the "presumption of adequate representation applies." *Perry*, 587 F.3d at 951.

### B

**[2]** Such presumption can be rebutted only by "a compelling showing to the contrary." *Id.* (internal quotation marks and citation omitted). Rodgers first attempts to rebut the presumption by arguing that the federal defendants might urge a narrow interpretation of the statute because the Solicitor General, when defending acts of Congress, "lean[s] heavily on the *Ashwander* principle of construing a statute so as to avoid constitutional doubt." *Lockyer*, 450 F.3d at 444 (internal quotation marks and citation omitted). Rodgers fears that the federal defendants might, in an attempt to save the parsonage

FREEDOM FROM RELIGION FOUNDATION v. RODGERS   6141

exemption from being declared unconstitutional, urge the court to construe the statutes in a narrow way that would reduce the value of the exemption. But Rodgers has presented no evidence that the federal defendants actually *have urged* a narrow interpretation of the challenged statutes in the district court. And, in any event, it is unclear whether there is a narrow construction of sections 107 and 265(a)(6) that would be responsive to FFRF's constitutional challenge. Furthermore, even if we agreed with Rodgers's contention, we have previously held that "just because the government theoretically may offer a limiting construction of a statute that is narrower than that of a party proposing intervention does not mean that the party has overcome the presumption of adequacy of representation." *Lockyer*, 450 F.3d at 444.

[3] Rodgers next argues that the presumption should be rebutted because the federal defendants are tasked both with upholding the constitutionality of the challenged statutes and with protecting the public treasury. He suggests that their interest in maximizing federal tax revenues might lead the federal defendants to abandon key arguments that could be marshaled in defense of the challenged statutes. Rodgers points to the IRS's litigation behavior in *Warren v. Commissioner* to show that the IRS cannot be trusted to mount a robust defense of the parsonage exemption. 114 T.C. 343 (2000). In *Warren*, the IRS proffered an interpretation of a prior version of section 107 that would have reduced the value of the exemption to some ministers. *Id.* at 346-47. But the IRS's position in *Warren* does not support Rodgers's argument in favor of intervention because in *Warren* the IRS explicitly *conceded* the constitutionality of section 107. *See Warren v. Comm'r (Warren I)*, 282 F.3d 1119, 1123-24 (9th Cir. 2002) (Tallman, J., dissenting) (noting that both parties "clearly stated that . . . they believe the parsonage exclusion is constitutional"). Contrary to Rodgers's assertions, the IRS's behavior in *Warren* does not indicate that the federal defendants in this case will fail to "make all of [Rodgers's] proposed arguments," or that they are not "willing to make such

6142     FREEDOM FROM RELIGION FOUNDATION v. RODGERS

arguments." *Perry*, 587 F.3d at 952 (internal quotation marks and citation omitted).

**[4]** Rodgers also argues that he should be allowed to intervene because the federal defendants might not appeal an adverse ruling. He correctly notes that the government may not appeal an adverse ruling by a district court without first obtaining the approval of the Solicitor General. *See* 28 C.F.R. § 0.20(b). But if the mere possibility that the federal defendants *might* decline to appeal were sufficient to rebut the presumption of adequacy, then nearly every case involving a federal defendant would be subject to intervention as of right. Moreover, the government typically appeals district court decisions ruling federal statutes unconstitutional. *Cf.* 28 U.S.C. § 530D(a)(1)(B)(ii) (requiring Attorney General to report to Congress a decision to refrain from defending the constitutionality of a federal statute or not to appeal an adverse determination thereof). In the absence of any evidence that the government is not willing and able to appeal, Rodgers fails to make a "compelling showing" that would rebut the presumption that the federal government will adequately represent his interests. *Perry*, 587 F.3d at 951.

Finally, Rodgers argues that the federal defendants will not adequately represent his interests in defending the constitutionality of the state statutes. This argument also fails. The *state government*, not the federal government, has the burden of defending state laws from constitutional challenges. In his original motion to intervene, Rodgers questioned whether the executive official of the CFTB would defend sections 17131.6 and 17280(d)(2) of the California Revenue and Tax Code. However, Rodgers filed his motion to intervene before the State of California had even been served with FFRF's complaint. And because the district court issued its order denying Rodgers's motion to intervene before the state had filed an answer, the district court concluded that any "determination that the State of California may not adequately represent the potential intervenor's interests with respect to the California

FREEDOM FROM RELIGION FOUNDATION v. RODGERS    6143

statutes at issue [is] . . . premature."[4] Because Rodgers did not present any arguments on appeal as to why California would not adequately represent his interest in upholding the state parsonage exemption, any claim to that effect is waived.

**[5]** In conclusion, because the federal defendants adequately represent Rodgers's interests, he is not entitled to intervene as of right under Rule 24(a)(2).

### III

We review the denial of a motion for permissive intervention for abuse of discretion. *See League of United Latin American Citizens ("LULAC") v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997). A district court necessarily abuses its discretion if it commits a legal error. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

**[6]** Federal Rule of Civil Procedure 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." We have often stated that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *see, e.g., United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002); *LULAC*, 131 F.3d at 1308; *Northwest Forest Reserve Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).

The district court concluded that because Rodgers could not demonstrate constitutional standing he failed to satisfy the

---

[4]We note that since this appeal was filed, the state has filed a motion to dismiss FFRF's complaint in which it argues that the challenged statutes "survive constitutional scrutiny under both federal and state law."

independent jurisdictional grounds requirement. This requirement stems, however, from our concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts. *See* Fed. R. Civ. P. 82. This concern manifests itself most concretely in diversity cases where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction. *See, e.g.*, *Blake v. Pallan*, 554 F.2d 947, 956-57 (9th Cir. 1977) (dismissing an intervening plaintiff's state-law claims for lack of independent jurisdictional grounds).

The jurisdictional requirement also prevents permissive intervention from being used to destroy complete diversity in state-law actions. *See* 28 U.S.C. § 1332; *Cf.* 28 U.S.C. § 1367(b) (providing that, in diversity actions, "the district courts shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule . . . 24 . . . or over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.").

**[7]** But in federal-question cases, the identity of the parties is irrelevant and the district court's jurisdiction is grounded in the federal question(s) raised by the plaintiff. *See* 28 U.S.C. § 1331. The jurisdictional requirement, therefore, prevents the enlargement of federal jurisdiction in such cases only where a proposed intervenor seeks to bring new state-law claims. *See, e.g., Beckman Indus., Inc.*, 966 F.2d at 473 (holding that "an independent jurisdictional basis is not required [in this case] because intervenors do not seek to litigate a claim on the merits"); *Blake*, 554 F.2d at 956-57. Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away. *See* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1917 (3d ed. 2010) ("In federal-question cases there should be no problem of jurisdiction with regard to an

Case: 09-17753  05/09/2011  Page: 12 of 12  ID: 7744146  DktEntry: 30-1
Case 2:09-cv-02894-WBS-DAD  Document 89  Filed 07/05/11  Page 13 of 13

FREEDOM FROM RELIGION FOUNDATION v. RODGERS    6145

intervening defendant nor is there any problem when one seeking to intervene as a plaintiff relies on the same federal statute as does the original plaintiff."). We therefore clarify that the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims.

**[8]** Here, it is undisputed that the district court is exercising federal-question jurisdiction and that Rodgers does not seek to bring any counterclaims or cross-claims. Accordingly, Rodgers is not required to make any further showing that his intervention is supported by independent jurisdictional grounds. Because the district court did not apply the correct legal rule, its decision denying Rogers permissive intervention was not an appropriate exercise of discretion. *See Hinkson*, 585 F.3d at 1261-62. We accordingly vacate that portion of the district court's order and remand so that the "district court may reassess the request for permissive intervention under the criteria established by Rule 24(b)." *City of Los Angeles*, 288 F.3d at 404.

### IV

For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Each side shall bear its own costs.